OPINION OF THE COURT
Anthony J. Ferraro, J.
Defendant makes this motion to dismiss the complaint upon the ground that it does not state a cause of action and that the court does not have jurisdiction of the subject matter of the action.
Plaintiff was formerly employed by defendant but resigned because of alleged discrimination against her. The action herein is maintained pursuant to article 15 of the Executive Law. Plaintiff alleges that she was denied promotions which were granted to Hispanics with less seniority and that she was discriminated against because she is a Caucasian and native of the United States.
Defendant contends (1) that the Executive Law was enacted to prevent discrimination against minority groups and does not apply to plaintiff and (2) that plaintiff filed a complaint with the United States Equal Employment Opportunity Commission which is still pending and which pre-empts this action.
*174 The court cannot accept defendant’s contention that the antidiscrimination legislation does not apply to white Americans. Such a holding would construe to create discrimination the very law which was adopted to prevent it. The purpose is clear. The language is plain. The preamble avows that “the legislature hereby finds and declares that the state has the responsibility to act to assure that every individual within this state is afforded an equal opportunity to enjoy a full and productive life”. (Executive Law, § 290.) The law goes on to declare that “The opportunity to obtain employment without discrimination because of race, creed, color [or] national origin, *** is hereby recognized as and declared to be a civil right.” (Executive Law, § 291, subd 1.) When the meaning of a statute is clear and the statutory language is unambiguous, courts must give effect to the plain meaning of the words used and enforce the perceived scope and intended application of the statute without strained interpretation. (Curtis v Brookdale Hosp. Center, 62 AD2d 749; Matter of Grossman v Herkimer County Ind. Dev. Agency, 60 AD2d 173.)
We must not allow the law of our land to operate as a backlash to the majority of our people under the guise of affording equal rights to the minorities. As was aptly stated in the nationally publicized case of University of California Regents v Bakke (438 US 265, 289-290): “The guarantee of equal protection cannot mean one thing when applied to one individual and something else when applied to a person of another color. If both are not accorded the same protection, then it is not equal.” If it is not equal, it is not constitutional. The court will presume that the purpose was equality and the intent was constitutional. (Lighthouse Shores v Town of Islip, 41 NY2d 7; McKinney’s Cons Laws of NY, Book 1, Statutes, § 150.)
Defendant’s second contention is equally untenable. Subdivision 9 of section 297 of the Executive Law allows an aggrieved person to maintain a cause of action in any court of appropriate jurisdiction unless a complaint has been filed with the State Division of Human Rights. Such a complaint has been filed herein but was dismissed upon the grounds of administrative convenience. The section *175 then proceeds to proscribe the filing of a complaint with the Division of Human Rights if an action is pending either in a court of competent jurisdiction or before any other administrative agency. The section does not state that an action in the . State court is prohibited by the pendency of a proceeding before a Federal administrative agency. Furthermore, the Federal statute providing for the filing of a discrimination charge before the Equal Employment Opportunity Commission does not proscribe the institution of an action to avenge the same charge. (US Code, tit 42, § 2000e.) The United States Supreme Court has interpreted the statute to give the complainant the option of either instituting action if the charge has not been disposed of within 180 days or of leaving ultimate resolution of the charge to the efforts of the administrative agency. (Occidental Life Ins. Co. v EEOC, 432 US 355.) One of our State courts has gone beyond the interpretation in Occidental Life Ins. Co. v EEOC (supra) to permit simultaneous coexistence of claims before both State and Federal forums. The case holds that there may be concurrent jurisdiction between the State agency and the Federal court; that there is no legal requirement to elect between the State and Federal remedy and that there is constitutional doubt whether the State could control rights provided by Federal law and vice versa. (State Div. of Human Rights v County of Monroe, 88 Misc 2d 16.)
Although plaintiff herein did not wait 180 days after filing the Federal complaint to institute this action, her withdrawal of the complaint before the State agency, her request of the Federal commission of the right to sue after the expiration of 180 days, the grant of such permission by the commission and the continuation of the action thereafter, all spell her election to pursue her court action as authorized by Federal statute and sanctioned by United States Supreme Court determination. (US Code, tit 42, § 2000e; Occidental Life Ins. Co. v EEOC, supra.)
The motion to dismiss the complaint is therefore denied as to both of the grounds advanced by defendant.