■ ˙  NAB Construction Corp. et al., Appellants, v Great American Insurance Companies, Respondent.—Order of the Supreme Court, New York County, entered February 7, 1980, denying plaintiff's motion for leave to renew reversed, on the law and facts, with costs, the motion for leave to renew granted and, upon such renewal, vacating so much of the order of Special Term entered November 22, 1978 as granted summary judgment to defendant, and denying defendant summary judgment. This appeal presents a twice-told tale. The matter was previously before us (70 AD2d 559). At that time we affirmed, by a divided court, Special Term's grant of summary judgment to defendant. Plaintiffs thereupon appealed to the Court of Appeals. That appeal is still pending. Thereafter certain facts were brought to the attention of plaintiffs through defendant. A motion for renewal followed. That motion was denied by Special Term. This appeal is from the order denying renewal. Plaintiffs entered a contract to build the Morgan Station Postal Facility. In accordance with their contractual obligation, they obtained certain types of insurance to cover them and their subcontractors. This insurance was placed with defendant through National Preferred Risks, Inc. (National). Pursuant to agreement of the parties, premiums were to be paid in stipulated installments. Particularly pertinent was a clause of the policies which permitted defendant to cancel them with or without cause. Difficulties thereafter arose between defendant and National which resulted in a termination of their relationship. As part of the agreement

terminating that relationship, there was an exchange of letters between National and defendant in which defendant agreed not to terminate plaintiffs' insurance except for nonpayment of premiums. Thereafter, defendant canceled the policies noting only that it was at the request of the company. In order to fulfill its contract plaintiffs were required to and did procure new insurance, at substantially higher rates, to replace that canceled by defendant. This suit was brought to recover the excess premiums paid for the new insurance. When the matter was previously before us we were all in agreement that the letter exchange between defendant and National limited the right to cancel to nonpayment of premiums. Our disagreement arose solely over the question of whether enough had been indicated to warrant a trial on that issue. Subsequent to our determination a statement of account was rendered by defendant to National. That statement indicated that because of adjustments of premiums paid by plaintiffs, and the resultant carryover of credits, all premiums due and payable as of the date of cancellation had, in fact, been paid. Based upon this new information, plaintiffs moved for leave to renew. Special Term, finding unchallenged "defendant's unqualified contractual right to cancel the policy involved for any reason or no reason whatsoever" denied the motion. In so doing, it misread our prior decision. It may well be that the fault for this misinterpretation lies with us and not with Special Term. Perhaps we should have been more emphatic in noting that we construed the letter exchange between defendant and National as limiting defendant's right to cancel to nonpayment of premiums only. We thought that implicit in our memoranda. It might possibly have been made more explicit. Be that as it may, based upon the new and additional facts, the motion for leave to renew should have been granted. Plaintiffs assert that under the circumstances now disclosed it is entitled to summary judgment. We disagree. On the argument we were informed by defendant that there were premiums due from subcontractors on policies procured for them for which plaintiffs are liable. These, defendant contends, would justify cancellation of the policy. This issue was not before us on the original appeal and has not been developed on this appeal. It must await trial for determination. Concur—Kupferman, J. P., Sullivan, Bloom and Carro, JJ.

Lupiano, J., concurs in a memorandum as follows: The issue of whether the statement of account which was turned over to plaintiffs subsequent to Special Term's determination on the prior motion for summary judgment constitutes newly discovered evidence, is close (see *Banow v Simins,* 53 AD2d 542). This is evidence which was *in existence* at the time of the prior motion for summary judgment, and it is arguable that plaintiffs with due diligence could have produced such evidence but simply failed to ask defendant for the right papers. However, as the issue is close, and as I perceive truth to be the handmaiden of justice, common sense dictates favoring the account as enjoying the status of newly discovered evidence. Accordingly, I join in the rationale of my brethren in this matter.