■ SECURITY TRUST COMPANY OF ROCHESTER, Respondent, v MAGAR HOMES, a Division of R. JOHN MAGAR AND SON DEVELOPMENT CORPORATION, Appellant. — Order unanimously reversed, with costs, and motion denied. Memorandum: Security Trust Company of Rochester (Security Trust) obtained a money judgment in the amount of $8,153.99 against Plano Brothers and Joseph Plano, Jr., and Beverly Plano, individually. Unable to collect on the judgment, Security Trust served upon defendant Magar Homes (Magar) a restraining notice to garnishee pursuant to CPLR 5222, prohibiting any payment of funds

due and owing to Plano within a period of one year. The restraining notice was served by certified mail, return receipt requested, and was received and signed for by a laborer who had been in Magar's employ for only one day. He failed to deliver the notice to an officer or other responsible person at Magar. Since it was unaware of the restraining notice, Magar subsequently made 28 payments totaling $22,383.09 to Plano, whom it employed as a subcontractor. Security Trust thereafter commenced the instant action against Magar seeking damages in the amount of $8,020.40, the outstanding balance on the Plano judgment, for Magar's failure to comply with the restraining notice. On plaintiff's motion, Special Term granted summary judgment in its favor. A garnishee's failure to comply with a restraining notice is punishable by civil contempt under CPLR 5251, which provides, in pertinent part: "Refusal or willful neglect of any person to obey a * * * restraining notice * * * shall * * * be punishable as a contempt of court." In enacting the contempt provision the Legislature clearly recognized that since personal service of a restraining notice is not required under CPLR 5222, the contempt sanction should not be imposed in the absence of "[r]efusal or willful neglect," which requires actual knowledge of the restraining notice by the garnishee (Legis Studies & Reports, McKinney's Cons Laws of NY, Book 7B, CPLR 5251, pp 464, 465, citing NY Legis Doc, 1959, No. 17, p 315). In addition to the penalty of contempt, violation of CPLR 5222 also "subjects the garnishee to personal liability in a separate plenary action or a special proceeding under CPLR article 52 brought by the aggrieved judgment creditor. (See, e.g., *Nardone v Long Is. Trust Co.,* 40 AD2d 697; *Mazzuka v Bank of North Amer.,* 53 Misc 2d 1053; *Matter of Sumitomo Shoji N. Y. v Chemical Bank N. Y. Trust Co.,* 47 Misc 2d 741, affd 25 AD2d 499.)" (*Aspen Inds. v Marine Midland Bank,* 52 NY2d 575, 580.) Since a money judgment is an alternative sanction to civil contempt for violation of CPLR 5222, the legislative concern regarding lack of personal service is equally compelling and requires that the penalty not be imposed in the absence of a showing of knowledge of the restraining notice on the part of the garnishee. Additionally, while there is no willfulness requirement for imposition of money damages, there must at least be a showing of negligence in failing to comply with the restraining notice (*Mazzuka v Bank of North Amer.,* 53 Misc 2d 1053, *supra;* see Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5222:10). Security Trust does not dispute that Magar lacked knowledge of the restraining notice, but contends that the bare fact that Magar failed to comply with CPLR 5222 is sufficient to render it liable for money damages. We disagree. In order to satisfy due process requirements, a sanction for violation of CPLR 5222 may be imposed only after proof of knowledge, actual or constructive, of the restraining notice. (Appeal from order of Supreme Court, Monroe County, Siracuse, J. — summary judgment.) Present — Dillon, P. J., Callahan, Denman, Moule and Schnepp, JJ.