■ Matilda M. Sciss, Appellant, v Metal Polishers Union Local 8A et al., Respondents.—Order, Supreme Court, New York County (Burton Sherman, J.), entered December 24, 1987, which denied plaintiff's motion for renewal and reconsideration of a prior motion and resulting order of such court, filed July 19, 1985, which granted defendants' motion to dismiss to the extent of dismissing portions of the complaint as time barred, unanimously reversed, on the law, the motion to renew granted and, upon renewal, the stricken portions of the complaint reinstated, without costs.

In this action under the State Human Rights Law (Executive Law § 290 *et seq.)* plaintiff seeks money damages for alleged acts of sex discrimination occurring between March of 1980 and July of 1982 in connection with her employment by the defendants, including forcible kissing, sexually suggestive remarks, requests for sexual relations, reduction of vacation

benefits, wrongful discharge from her employment on January 7, 1982 and the subsequent withholding of disability benefits.

The issues on this appeal are (1) whether the motion court should have granted the plaintiff's motion to renew and reconsider the court's prior decision dismissing a portion of her claim and (2) whether an administrative action tolled the running of the Statute of Limitations so that no part of plaintiff's claim should have been dismissed.

The procedural history of this case, both administrative and judicial, briefly stated, is as follows. On May 6, 1982 plaintiff filed a complaint based upon the acts of discrimination alleged herein with the United States Equal Employment Opportunity Commission (EEOC). On that same date a copy of her complaint also was filed with the New York State Division of Human Rights (DHR) upon referral by EEOC. By "Notice of Right to Sue" dated June 30, 1982, plaintiff was notified by EEOC that the complaint filed with it was dismissed for lack of jurisdiction. *(See,* 42 USC § 2000e [b].) The "Notice of Right to Sue" advised plaintiff that she could commence a civil suit against defendants in Federal District Court within 90 days.

On September 21, 1982 plaintiff filed what she terms a "separate and original complaint" with DHR. Thereafter, on or about October 4, 1982, plaintiff commenced an action in the United States District Court for the Southern District of New York. By order of such court (Kevin Duffy, J.), dated April 13, 1983, the case was dismissed for lack of subject matter jurisdiction since the defendants employed less than the statutorily required 15 employees. (42 USC § 2000e [b].)

On January 16, 1985, plaintiff commenced the instant action. All defendants then moved, *inter alia,* to dismiss the complaint as time barred under the applicable three-year Statute of Limitations. (Executive Law § 297 [9]; CPLR 214 [2]; *see, Murphy v American Home Prods. Corp.,* 58 NY2d 293, 307 [1983].) By order (per Sherman, J.), entered July 19, 1985, the motion court, citing *Patrowich v Chemical Bank* (98 AD2d 318 [1st Dept 1984], *affd* 63 NY2d 541 [1984]), granted the defendants' motion to the extent of dismissing those portions of the complaint asserting acts which occurred prior to January 16, 1982. The surviving claims related only to the alleged withholding of disability payments until June 1982, following plaintiff's discharge. This court, *sua sponte,* dismissed plaintiff's appeal from the July 19, 1985 order by order dated September 9, 1986. *(Sciss v Metal Polishers Union Local 8A,* M-3517.)

Thereafter, plaintiff received from DHR a notice of "Admin-

istrative Convenience Dismissal"* dated September 18, 1986 which stated that pursuant to Executive Law § 297 (3), DHR had determined that further processing of the complaint would not serve the goals of the Human Rights Law. Section 297 (3) (c) of the Executive Law provides that DHR "may in its unreviewable discretion" dismiss a complaint "on the grounds of administrative convenience" at any time prior to a hearing. (See also, 9 NYCRR 465.5.)

By notice of motion dated November 11, 1987, petitioner sought renewal and reconsideration of Justice Sherman's July 19, 1985 order of partial dismissal, relying on section 297 (9) of the Executive Law. Section 297 (9) provides in relevant part as follows: "Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction * * * unless such person had filed a complaint hereunder or with any local commission on human rights * * * provided that, where the division has dismissed such complaint on the grounds of administrative convenience, such person shall maintain all rights to bring suit as if no complaint had been filed. No person who has initiated any action in a court of competent jurisdiction or who has an action pending before any administrative agency under any other law of the state based upon an act which would be an unlawful discriminatory practice under this article, may file a complaint with respect to the same grievance under this section".

In support of the renewal plaintiff argued that the three-year Statute of Limitations was tolled during the pendency of the DHR complaint and that, therefore, the State judicial proceeding should be deemed to have been commenced upon DHR's dismissal of its complaint on the grounds of administrative convenience. Plaintiff contended that DHR's dismissal, which occurred after the motion court's dismissal on CPLR 3211 (a) (5) grounds, could not have been presented to Justice Sherman in the original motion and, therefore, constitutes sufficient basis for renewal and reconsideration. In the order appealed from, Justice Sherman denied the motion to renew stating: "Whether or not there was an administrative hearing while the original action was pending, and unknown to the parties, the fact remains that such hearing does not alter the

---

* It is noted that the complaint number of the "Administrative Convenience Dismissal" notice is the same as on the EEOC referral to DHR. Plaintiff's filing of a "separate and original" complaint with DHR, therefore, appears to have been duplicative.

substive *[sic]* determination made upon the original motion. No appeal was perfected therefrom."

While plaintiff argues that the motion court abused its discretion in denying her motion to renew and that this court should consider the motion on its merits, the defendants contend that since plaintiff's earlier appeal was dismissed for failure to prosecute, the instant appeal is barred under the authority of *Bray v Cox* (38 NY2d 350, 353 [1976]).

Plaintiff's motion was one for renewal as it was based upon the "newly discovered" evidence of the dismissal for administrative convenience. *(Matter of Annis v New York City Tr. Auth.,* 108 AD2d 643, 645 [1st Dept 1985].) Moreover, since the dismissal for administrative convenience occurred nine days after this court's dismissal of plaintiff's first appeal, arguments based upon the administrative dismissal could not have been presented on plaintiff's prior appeal to this court. *(See, Bray v Cox, supra,* at 353.)

"While, in certain circumstances, it might be proper for the court of original jurisdiction to entertain a motion to renew based upon newly discovered evidence after the appellate courts have affirmed the original order", the appellants must demonstrate "that the newly discovered evidence would have rendered a different result" and that "with due diligence they could not have produced the evidence at the time of the original petition." *(Matter of Banow v Simins,* 53 AD2d 542 [1st Dept 1976], *mot to dismiss appeal granted* 40 NY2d 989 [1976], *cert denied sub nom. Leibowitz v Simins,* 430 US 968.)

Clearly, the newly discovered evidence herein would have produced a different result, since it tolled the Statute of Limitations. As previously noted, section 297 (9) of the Executive Law provides that when DHR has dismissed a complaint on the grounds of administrative convenience, the complainant "shall maintain all rights to bring suit as if no complaint had been filed." The remedies of administrative review by DHR and of judicial review are generally mutually exclusive. *(Matter of Pan Am. World Airways v New York State Human Rights Appeal Bd.,* 61 NY2d 542 [1984].) Section 297 (9) "provides a stay by prohibiting the commencement of suit when a complaint has been filed with the Division. Thus, upon the filing of such a complaint and during its pendency, the Statute of Limitations is tolled until the administrative proceeding is terminated". *(Supra,* at 549.)

Plaintiff herein unwittingly attempted to simultaneously pursue both a judicial and an administrative cause of action.

While plaintiff states that she was unaware that a copy of her May 6, 1982 EEOC complaint had been filed with DHR and that the "separate and original" DHR complaint "was presumed lost in the administrative system", it is evident that DHR considered the proceeding to be ongoing until the point at which it issued its notice of "Administrative Convenience Dismissal" on September 18, 1986. However, by initiating judicial proceedings on January 16, 1985, petitioner abandoned the administrative proceeding and divested DHR of its jurisdiction. *(See, State Div. of Human Rights v Commissioner of N. Y. State Dept. of Civ. Serv.,* 57 AD2d 699, 700 [4th Dept 1977].)

With the filing of an administrative complaint with DHR on May 6, 1982, plaintiff tolled the three-year Statute of Limitations. All of her claims of discrimination, including those alleged to have occurred in March 1980, were valid as they were within the three-year period. Thus, the statute was tolled from May 6, 1982 until January 16, 1985 when petitioner commenced the State judicial proceeding and must be deemed to have abandoned the administrative proceedings. Therefore, plaintiff's assertion of claims which had been tolled and remained intact was not time barred.

Since there exists no statutory or other requirement that a human rights complainant elect between State administrative proceedings and Federal judicial action, plaintiff could simultaneously maintain a complaint with DHR and a Federal lawsuit. *(See, State Div. of Human Rights v County of Monroe,* 88 Misc 2d 16 [Sup Ct, Monroe County 1976]; *Travis v Carlisle Corp.,* 109 Misc 2d 173 [Sup Ct, Westchester County 1979].)

With respect to whether plaintiff exercised due diligence in bringing her motion to renew *(Matter of Banow v Simins, supra),* plaintiff's counsel stated in the motion court that he was unaware that EEOC had made a referral to DHR on May 6, 1982 and now states that he presumed that the subsequently filed complaint was lost in the administrative system. Thus, any lack of due diligence should be attributed to plaintiff's counsel rather than to plaintiff's own intention to abandon the DHR proceedings. Moreover, the defendants have not demonstrated prejudice. Concur—Kupferman, J. P., Carro, Milonas, Rosenberger and Smith, JJ.

