■ RUSSELL HARRELL, Respondent, v KOPPERS COMPANY, INC., Defendant and Third-Party Plaintiff-Appellant. JOHNS-MANVILLE PRODUCTS CORPORATION et al., Third-Party Defendants; ALLIED CHEMICAL CORPORATION et al., Third-Party Defendants-Appellants.—In a negligence and strict products liability action to recover damages for personal injuries, the defendant Koppers Company, Inc., and the third-party defendants Allied Chemical Corporation and Long Island Lighting Company separately appeal, as limited by their respective briefs, from so much of an order of the Supreme Court, Queens County (Leviss, J.), entered April 15, 1988, as denied their separate motions to renew their prior motions for sum-

mary judgment dismissing the complaint on the ground of the Statute of Limitations.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

After more than 16 years of employment as a union roofer, in 1973 the plaintiff developed a nonhealing growth on his face which was diagnosed as basal cell carcinoma and surgically removed. This cancerous condition spread, and the plaintiff developed basal cell carcinomas on his back in 1975, and on his face; neck, chest and right shoulder in 1978. Claiming that his cancer had been caused by exposure during the course of his employment to a roofing and waterproofing substance called Bitumen but more commonly known as "pitch", the plaintiff commenced this action on or about August 23, 1979, against one of its manufacturers, the Koppers Company, Inc. The plaintiff alleged that he was first exposed to pitch in 1956, and was last exposed to pitch in late 1977 or early 1978.

In December 1983 the defendant Koppers Company, Inc. and the third-party defendant Allied Chemical Corporation separately moved for summary judgment dismissing the complaint on the ground of the Statute of Limitations and the Supreme Court (Pitaro, J.), granted the motion, erroneously concluding that the plaintiff's cause of action had accrued prior to his last exposure to pitch because his injury had manifested itself prior to that date. We reversed, observing that there was no authority for a "discoverability" exception to the date of last exposure rule, and accordingly concluded that the plaintiff's cause of action for personal injury accrued upon his last exposure to the allegedly deleterious substance (Harrell v Koppers Co., 118 AD2d 682). Following reinstatement of the complaint, discovery continued, and although the plaintiff had testified at two prior examinations before trial that he last worked with pitch in 1977 or 1978, at a third examination before trial on July 31, 1987, he repeatedly testified that he probably last worked with pitch in 1974. Based upon the plaintiff's changed testimony, the defendant Koppers Company, Inc. and the third-party defendants Allied Chemical Corporation, Long Island Lighting Company, and Dravo Corporation separately moved for summary judgment, contending that the new testimony established that this action had been commenced more than three years after the plaintiff's last exposure to pitch and was therefore barred by the applicable Statute of Limitations. The Supreme Court denied the motions without reaching the merits, concluding that as

they were in reality motions for leave to renew the prior summary judgment motions, they had been improperly brought before it.

Although the Supreme Court was bound by the decision of this court on the prior appeal and could not therefore grant leave to reargue *(see, Catalogue Serv. v Insurance Co.,* 90 AD2d 838), as the court of original jurisdiction it was not prohibited under these circumstances from entertaining a motion for leave to renew based upon newly discovered evidence *(see, Sciss v Metal Polishers Union Local 8A,* 149 AD2d 318; *NAB Constr. Corp. v Great Am. Ins. Cos.,* 75 AD2d 790, *affd* 53 NY2d 964; *Matter of Banow v Simins,* 53 AD2d 542).* Moreover, in view of the fact that new and additional evidence concerning the date of plaintiff's last exposure to pitch was developed after this court's determination of the prior appeal, leave to renew should have been granted *(see, NAB Constr. Corp. v Great Am. Ins. Cos., supra).*

Upon our review of the record, however, we nevertheless conclude that the appellants' motions for summary judgment were properly denied. In light of the equivocal nature of the plaintiff's most recent deposition testimony, which was inconsistent with his testimony at two previous examinations before trial, and the documentary evidence produced in opposition to the motions for summary judgment, the appellants have established only that a question of fact exists concerning the date of the plaintiff's last exposure to pitch, which should await resolution at trial. Mangano, J. P., Brown, Kooper and Sullivan, JJ., concur.