■ MAYFAIR NURSING HOME, Respondent, v DONALD G. NEIDHARDT, Appellant.—In a proceeding to enforce a money judgment, the defendant Donald G. Neidhardt appeals from a judgment of the Supreme Court, Nassau County (O'Shaughnessy, J.), dated January 5, 1990, which granted the plaintiff's motion to compel him to pay $5,822.49 based upon willful disobedience of a restraining notice issued pursuant to CPLR 5222.

Ordered that the judgment is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a hearing and new determination in accordance herewith.

At the outset, we note that the refusal or willful neglect to obey a restraining notice issued pursuant to CPLR 5222 (b) "shall be punishable as a contempt of court" (CPLR 5251). Contrary to the defendant's contention, applications to punish for civil contempt may be commenced by ordinary notice of motion (Judiciary Law § 756). In addition, by contesting the

application on the merits, and failing to object in a timely manner to the omission of the notice and warning required by Judiciary Law § 756, the defendant waived the protections afforded by the statute *(see, Matter of Rappaport,* 58 NY2d 725).

However, we find that the defendant was entitled to an evidentiary hearing in light of his denial that he received actual notice that the restraining notice had been reinstated prior to the withdrawal of funds from the bank account in question. Actual notice of the court's mandate is an essential predicate to a contempt order, and under the circumstances of this case, there is no indication that service of the reinstated restraining notice upon the defendant's attorney was sufficient to impute actual notice to the defendant *(cf., Matter of McCormick v Axelrod,* 59 NY2d 574, *amended on other grounds* 60 NY2d 652). Here, the issue of actual notice should not have been summarily determined *(see, Quantum Heating Servs. v Austern,* 100 AD2d 843). Brown, J. P., Sullivan, Lawrence and Ritter, JJ., concur.