■ GARY OLSEN et al., Appellants, v WE'LL MANAGE, INC., Respondent, et al., Defendant. [656 NYS2d 384] —In an action, inter alia, to recover damages pursuant to Labor Law §§ 240 and 241, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Cohalan, J.), dated March 19, 1996, which denied their motion to restore the case to the trial calendar and for leave to renew the cross motion of the defendant We'll Manage, Inc., for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

This Court's prior decision and order granting the cross motion of the defendant We'll Manage, Inc. (hereinafter We'll Manage) for summary judgment dismissing the complaint insofar as asserted against it (*see, Olsen v We'll Manage*, 214 AD2d 715), did not preclude the Supreme Court from deciding the plaintiffs' motion for leave to renew (*see, Harrell v Koppers Co.*, 154 AD2d 340, 342).

The Supreme Court did not improvidently exercise its discretion in denying the plaintiffs' motion for leave to renew (*see, O'Neil v Peekskill Faculty Assn. Local No. 2916*, 156 AD2d 514, 517). The facts upon which the motion was based were known to the plaintiffs prior to this Court's determination of the prior appeal (*cf., Harrell v Koppers Co., supra*). Further, if the injured plaintiff was not a special employee of We'll Manage because it did not have authority to supervise and control him, as he now claims, there would be no basis to impose liability upon We'll Manage pursuant to Labor Law §§ 240 or 241. This is so because We'll Manage would not fall within the class of entities having nondelegable liability as an "agent" under those sections of the Labor Law (*see, Russin v Picciano & Son*, 54 NY2d 311, 318; *D'Amico v New York Racing Assn.*, 203 AD2d 509, 511). Rosenblatt, J. P., Pizzuto, Krausman and Florio, JJ., concur.