■ DOROTHY STONE, Appellant, v BRIDGEHAMPTON RACE CIRCUIT et al., Respondents. [665 NYS2d 554] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Scarpino, J.), dated August 27, 1996, which denied her motion for leave to renew a prior motion by the defendants to dismiss the complaint, and a prior cross motion by the plaintiff to preclude the defendants from asserting a defense based on release and waiver.

Ordered that the order is affirmed, with costs.

This Court's prior decision and order dismissing the plaintiff's complaint (*see, Stone v Bridgehampton Race Circuit*, 217 AD2d 541) precluded the Supreme Court from examining the merits of the plaintiff's subsequent motion, except to the extent that this subsequent motion can be said to be based on new facts which, with due diligence, could not have been produced earlier (*see, e.g., Olsen v We'll Manage*, 238 AD2d 556; *Harrell v Koppers Co.*, 154 AD2d 340; *Sciss v Metal Polishers Union Local 8A*, 149 AD2d 318; *NAB Constr. Corp. v Great Am. Ins. Cos.*, 75 AD2d 790, *affd* 53 NY2d 964; *Matter of Banow v Simins*, 53 AD2d 542). In support of her motion, the plaintiff did submit new information; however, this new information was not inconsistent in any material way with the information upon which this Court's prior decision and order were predicated. Leave to renew is not warranted where the factual material adduced in connection with the subsequent motion is merely cumulative with respect to the factual material submitted in connection with the original motion (*see, Anchor Sav. Bank v Alpha Developers*, 143 AD2d 711; *Tedaldi v Lerner*, 172 AD2d 603; *Green v Wright*, 126 AD2d 514; *see also*, 2 Carmody-Wait 2d,

NY Prac § 8:71). Mangano, P. J., Bracken, Altman and Goldstein, JJ., concur.