■ DANIEL RIBADENEYRA, Plaintiff, v THE GAP, INC., Respondent, and FISHER DEVELOPMENT, INC., Appellant, et al., Defendants. (And a Third-Party Action.) [731 NYS2d 441] —Or-

der, Supreme Court, New York County (Richard Lowe, III, J.), entered November 29, 2000, which denied the motion of defendant general contractor (FDI) to renew a prior order, same court and Justice, entered October 9, 1996, granting the motion of defendant premises occupant (The Gap) for summary judgment on the issue of FDI's obligation to indemnify The Gap for plaintiff laborer's injuries, unanimously affirmed, with costs.

FDI's new evidence that the construction plans did not call for a catwalk does not raise an issue of fact as to whether plaintiff's claim arises out of or is in any way connected with "the Work" called for under FDI's contract with The Gap. The essence of plaintiff's claim is not that defendants were negligent in failing to provide him with a catwalk in the routine maintenance work he was performing on The Gap's heating, ventilation and air conditioning units, but that there was no safe platform on which to stand. Even FDI's own senior project manager testified that some kind of platform was called for. In any event, as the motion court held in denying renewal, whether FDI was in any manner negligent in the performance of its construction contract is irrelevant to whether it was obligated to purchase liability insurance naming The Gap as an additional insured for any losses in any way connected with "the Work." "Because the insurance-procurement clause at issue here was entirely independent of the indemnification provision in the parties' contract, a final determination of [FDI's] liability need not await a factual determination as to whose negligence, if anyone's, caused the plaintiff's injuries." (*Mathew v Crow Constr. Co.*, 220 AD2d 490, 491.) FDI's claim that the insurance-procurement provision of the contract violates General Obligations Law § 5-322.1 is not supported by any new evidence, and thus not the proper subject of a motion to renew (CPLR 2221 [e] [2]). In any event, the claim is without merit (*see, id.*, at 492; *Tishman Constr. Corp. v CNA Ins. Co.*, 236 AD2d 211). We have considered appellant's other arguments and find them to be without merit. Concur—Sullivan, P. J., Andrias, Wallach, Saxe and Marlow, JJ.