In the Matter of ORANGE AND ROCKLAND UTILITIES, INC., et al., Respondents, v ASSESSOR OF THE TOWN OF HAVERSTRAW et al., Appellants. (And Five Other Identical Titles.) [758 NYS2d 151] —In six related proceedings pursuant to Real Property Tax Law article 7, the Assessor of the Town of Haverstraw, the Board of Review of the Town of Haverstraw, the Town of Haverstraw, and the Haverstraw-Stony Point Central School District appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Rockland County (Rosato, J.), dated January 25, 2002, as granted that branch of the motion of the petitioner Southern Energy Bowline, LLC, which was for leave to renew its prior motion to enforce a settlement agreement and, upon renewal, inter alia, granted the motion to

enforce the settlement agreement, (2) from a judgment of the same court, dated January 29, 2002, which is in favor of the petitioner Southern Energy Bowline, LLC, and against them in the principal sum of $28,000,000, and (3) from a judgment of the same court, dated January 29, 2002, which is in favor of the petitioner Orange and Rockland Utilities, Inc., and against them in the principal sum of $1,000,000. Justice Mastro has been substituted for the late Justice O'Brien (*see* 22 NYCRR 670.1 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgments are reversed, on the law, that branch of the motion which was for leave to renew is denied, and the order is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the appellants.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the proceeding (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeals from the judgments (*see* CPLR 5501 [a] [1]).

A motion for leave to renew must be based upon new or additional facts which, although in existence at the time of the original motion, were not made known to the party seeking renewal, and therefore, were not known to the court (*see* CPLR 2221 [e]; *Morrison v Rosenberg,* 278 AD2d 392 [2000]). "While a motion for leave generally should be based on newly-discovered facts, the rule is flexible, and a court has the discretion to grant renewal upon facts known to the movant at the time of the original motion, provided the movant offers a reasonable justification for the failure to submit the additional facts on the original motion" (*Bloom v Primus Automotive Fin. Servs.,* 292 AD2d 410 [2002]). "Leave to renew is not warranted where the factual material adduced in connection with the subsequent motion is merely cumulative with respect to the factual material submitted in connection with the original motion" (*Stone v Bridgehampton Race Circuit,* 244 AD2d 403 [1997]).

In support of its motion, inter alia, for leave to renew, the petitioner Southern Energy Bowline, LLC (hereinafter Southern) submitted the same evidence it submitted on its prior motion together with additional affidavits purporting to explain the significance of this evidence. Southern's explanation of the significance of this information was not new information, but rather, it was is merely cumulative evidence which could not

form the basis of a renewal motion. Southern's argument that it was precluded from submitting the allegedly new information on the prior motion by the Supreme Court's direction limiting the parties' briefs is without merit. Consequently, the Supreme Court improperly granted leave to renew.

In any event, upon granting renewal, the Supreme Court erred in granting the motion to enforce the parties' memorandum of agreement (hereinafter the MOA). "If an agreement is not reasonably certain in its material terms, there can be no legally enforceable contract" (*Cobble Hill Nursing Home v Henry & Warren Corp.,* 74 NY2d 475, 482 [1989], *cert denied* 498 US 816 [1990]; *see also Matter of 166 Mamaroneck Ave. Corp. v 151 E. Post Rd. Corp.,* 78 NY2d 88 [1991]). The MOA, which purports to settle the real property tax certiorari proceedings involving the parties, lacks the following material terms: (1) the specific assessment reductions, (2) the particular properties affected, and (3) the specific years in which the adjustments are to be made. Consequently, the MOA is unenforceable. Ritter, J.P., Feuerstein, Luciano and Mastro, JJ., concur.