■ RICHARD TOMASZEWSKI et al., Individually and as Natural Guardians of RACHEL TOMASZEWSKI, an Infant, Respondents, v CHARLES SEEWALDT et al., Appellants, et al., Defendant. [761 NYS2d 908] —Appeal from that part of an order of Supreme Court, Erie County (Cosgrove, J.), entered September 4, 2002, that denied in part defendants' motion for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Supreme Court did not err in denying that part of defendants' motion seeking summary judgment dismissing the complaint against Charles Seewaldt, Velma Seewaldt and Joanne Seewaldt (defendants). Plaintiffs commenced this action individually and on behalf of their eight-year-old daughter to recover damages for injuries sustained by their daughter when a dog owned by defendants bit her upper lip. Defendants met their initial burden by establishing that "they did not have actual or constructive notice of their dog's vicious propensities" (*Rogers v Travis*, 229 AD2d 879, 879 [1996]; *see Beck v Morse*, 271 AD2d 916, 916-917 [2000]). In response, however, plaintiffs submitted evidence raising an issue of fact whether defendants intentionally destroyed relevant evidence by having the dog killed before it could be examined. The court therefore properly denied the motion with respect to defendants inasmuch as it is well settled that, "[i]f a party by his own tortious act withhold[s] the evidence by which the nature of the case would be made manifest, a presumption to his disadvantage may be indulged by the jury" (*Bleecker v Johnston*, 69 NY 309, 311 [1877]; *see Armour v Gaffey*, 30 App Div 121 [1898], *affd* 165 NY 630 [1901]; *see also* Fisch, New York Evidence § 1127, at 639 [2d ed]; Prince, Richardson on Evidence § 3-141, at 94 [Farrell 11th ed]; 1A NY PJI3d 120 [2003]). Present—Pigott, Jr., P.J., Green, Wisner, Burns and Gorski, JJ.