■ Dominic Giangrosso, Respondent, v Kummer Development Corporation et al., Appellants, et al., Defendants. [790 NYS2d 919]—

Appeal from an order of the Supreme Court, Erie County (Eugene M. Fahey, J.), entered January 7, 2004. The order, insofar as appealed from, denied the motion of defendants Kummer Development Corporation, Adam's Rib Ranch Corporation, and HBE Corporation seeking leave to reargue and renew.

It is hereby ordered that said appeal from the order insofar as it denied leave to reargue be and the same hereby is unanimously dismissed (*see Empire Ins. Co. v Food City*, 167 AD2d 983, 984 [1990]) and the order is affirmed without costs.

Memorandum: Plaintiff was a maintenance worker at a hotel undergoing renovation. He commenced this Labor Law and common-law negligence action seeking damages for injuries sustained when he was struck by a large piece of concrete that fell from a mezzanine. At the time of the accident, plaintiff was retrieving lamps from a storage area to be placed in newly-renovated rooms. Supreme Court granted that part of a cross motion of Kummer Development Corporation, Adam's Rib Ranch Corporation, and HBE Corporation (defendants) that sought summary judgment dismissing plaintiff's Labor Law § 240 (1) cause of action, but otherwise denied the cross motion. Defendants did not appeal that order; instead they moved for leave to reargue and renew the cross motion, arguing that the court should have dismissed plaintiff's causes of action pursuant to Labor Law §§ 200 and 241 (6) on the ground that plaintiff was involved in only routine maintenance at the time of the accident. The court denied that part of the motion that sought leave to reargue, and did not address that part of the motion that sought leave to renew, which is thus deemed denied (*see Dunlevy v Youth Travel Assoc.*, 199 AD2d 1046, 1047 [1993]). Contrary to the contention of defendants, the court properly, albeit implicitly, denied that part of the motion that sought leave to renew. The purported new factual material submitted in support of that part of the motion was "merely cumulative with respect to the factual material submitted in connection with the original motion" (*Stone v Bridgehampton Race Circuit*,

244 AD2d 403, 403 [1997], *lv dismissed* 92 NY2d 846 [1998]; *see Matter of Orange & Rockland Util. v Assessor of Town of Haverstraw*, 304 AD2d 668, 669-670 [2003]; *William P. Pahl Equip. Corp. v Kassis*, 182 AD2d 22, 27 [1992], *lv dismissed in part and denied in part* 80 NY2d 1005 [1992], *rearg denied* 81 NY2d 782 [1993]), and thus leave to renew was not warranted (*see* CPLR 2221 [e] [2]; *Orange & Rockland Util.*, 304 AD2d at 669; *Stone*, 244 AD2d at 403). We therefore do not address the merits of the underlying cross motion. Present—Pigott, Jr., P.J., Hurlbutt, Kehoe, Lawton and Hayes, JJ.