DENNIS SKONEY et al., Individually and as Parents and Natural Guardians of LAUREN SKONEY, Appellants, v GREGORY PITTNER, Respondent. (Appeal No. 1.) [801 NYS2d 654]—

Appeal from an order of the Supreme Court, Erie County (David J. Mahoney, J.), entered April 13, 2004 in a personal injury action. The order, insofar as appealed from, denied plaintiffs' motion for partial summary judgment on liability.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action to recover damages for injuries sustained by their daughter when she was bitten by defendant's pit bull. We conclude with respect to the

order in appeal No. 1 that Supreme Court properly denied defendant's motion for summary judgment dismissing the complaint and plaintiffs' motion for partial summary judgment on liability. Although defendant established that he had no knowledge or notice of his dog's alleged vicious propensities (*see McLane v Jones*, 21 AD3d 1376 [2005]; *Tomaszewski v Seewaldt*, 306 AD2d 907 [2003]), plaintiffs raised a triable issue of fact with respect to that issue by submitting the affidavit of a neighbor who described an incident in which defendant's dog "viciously attacked" her labrador retriever (*see Collier v Zambito*, 1 NY3d 444, 446-447 [2004]; *Morse v Colombo*, 8 AD3d 808, 809 [2004]).

With respect to the order in appeal No. 2, we conclude that the court abused its discretion in granting defendant's motion for leave to renew and thus erred upon renewal in granting defendant's motion for summary judgment dismissing the complaint. We therefore modify the order accordingly. In support of his motion for leave to renew, defendant submitted the deposition testimony of the neighbor whose dog allegedly was attacked by defendant's dog. Although the neighbor's deposition testimony postdated the prior motions and order in appeal No. 1, the deposition testimony of the neighbor was substantially the same as her description of the attack on her dog set forth in her earlier affidavit, and indeed, she confirmed the accuracy of her earlier affidavit. Thus, the evidence relied on by defendant in support of his motion for leave to renew was " 'merely cumulative with respect to the factual material submitted in connection with the original motion' " (*Giangrosso v Kummer Dev. Corp.*, 16 AD3d 1094, 1094 [2005], quoting *Stone v Bridgehampton Race Circuit*, 244 AD2d 403, 403 [1997], *lv dismissed* 92 NY2d 846 [1998]), requiring denial of defendant's motion for leave to renew (*see Giangrosso*, 16 AD3d at 1094; *Simpson v Cook Pony Farm Real Estate, Inc.*, 12 AD3d 496, 497-498 [2004]; *Stone*, 244 AD2d at 403). Moreover, we note that the neighbor also testified at her deposition that she had regularly observed defendant's dog pulling at her leash and growling at children when defendant's dog accompanied defendant while he rode his bicycle. That deposition testimony constituted further evidence of defendant's knowledge or notice of the alleged vicious propensities of defendant's dog, and thus those new facts would not "change the prior determination" (CPLR 2221 [e] [2]; *see Kaufman v Kunis*, 14 AD3d 542 [2005]; *Ribadeneyra v Gap, Inc.*, 287 AD2d 362, 363 [2001]; *cf. Matter of Olsen v County of Nassau*, 14 AD3d 706 [2005]).

We have considered plaintiffs' remaining contentions and

conclude that they are without merit. Present—Green, J.P., Hurlbutt, Scudder, Gorski and Lawton, JJ.