NEIL B. WEBB et al., Respondents, v TORRINGTON INDUSTRIES, INC., Appellant. (Appeal No. 1.) [812 NYS2d 903]—Appeal from an order of the Supreme Court, Oswego County (James W. McCarthy, A.J.), entered March 31, 2005. The order, among other things, granted plaintiffs' motion seeking to hold defendant in contempt of court and imposed sanctions based thereon.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Defendant appeals from three postjudgment orders entered in this breach of contract action. In appeal No. 1, defendant appeals from an order granting plaintiffs' motion seeking to hold defendant in contempt of court and imposing sanctions based thereon. We conclude that Supreme Court properly found defendant in willful violation of a restraining notice pursuant to CPLR 5222 prohibiting the sale by defendant of any of its real property (*see* CPLR 5251; *see also Mayfair Nursing Home v Neidhardt*, 173 AD2d 794 [1991]; *see generally Security Trust Co. of Rochester v Magar Homes*, 92 AD2d 714, 715 [1983]). We further conclude that the court properly found defendant in contempt of court for willfully deceiving the court in a manner injurious to plaintiffs' rights as judgment creditors (*see* Judiciary Law § 753 [A] [2]; *see also 317 W. 87 Assoc. v Dannenberg*, 159 AD2d 245, 246 [1990]; *Dong Kim v Yong Ja Kim*, 170 Misc 2d 968, 971 [1996]; *see generally Bata v Bata*, 282 App Div 861 [1953]).

With respect to appeal No. 2, we conclude that the court did

not abuse its discretion in sua sponte directing the sale of so much of defendant's equipment and real property as necessary to satisfy the outstanding judgments (*see generally* CPLR 5240; *Gorea v Pinsky*, 50 AD2d 713, 714 [1975]).

Finally, in appeal No. 3, defendant appeals from an order that, inter alia, denied its motion for leave to renew with respect to plaintiffs' motion for summary judgment. We conclude that the court properly denied that motion because the new matter proffered by defendant would not "change the prior determination" (CPLR 2221 [e] [2]; *see Skoney v Pittner*, 21 AD3d 1422, 1423 [2005]; *Kaufman v Kunis*, 14 AD3d 542 [2005]; *Ribadeneyra v Gap, Inc.*, 287 AD2d 362, 363 [2001]). Present— Pigott, Jr., P.J., Scudder, Kehoe, Green and Hayes, JJ.