SUMMARY ORDER

Silverline Technologies Ltd. and Ravi Subramanian (collectively “Silverline”) appeal from a judgment of the United States District Court for the Southern District of New York (Stanton, J.) granting HSBC *98 Bank USA’s (“HSBC”) motion for a turnover order and denying Silverline’s cross-motion for a temporary stay. In 2002 HSBC obtained a $27 million judgment against Silverline, of which at least $17 is still owed. Silverline did not contest the validity of the judgment but argued that an immediate turnover of its assets would effectively destroy its business without substantial benefit to HSBC. Silverline sought a discretionary stay in the district court pursuant to New York C.P.L.R. § 5240 so that it might reorganize and “revitalize” its business and thereby satisfy all or part of its outstanding judgment debt to HSBC. The district court denied Silverline’s motion, finding that Silverline’s projections regarding its ability to repay were unrealistic, and that HSBC was entitled to the immediate payment of the entire outstanding judgment balance. On appeal, Silverline argues that the district court erred in declining to exercise its discretionary powers under C.P.L.R. § 5240. We assume the parties’ familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.
Pursuant to Fed.R.Civ.P. 69(a), procedure on execution of a money judgment “must accord with the procedure of the state where the court is located.” In New York, enforcement of money judgments is governed by C.P.L.R. Article 52. Section 5240 of the C.P.L.R. provides that a court “may at any time, on its own initiative or the motion of any interested person ... make an order denying, limiting, conditioning, regulating, extending or modifying the use of any enforcement procedure.” The New York Court of Appeals has said that Section 5240 “vests the court with broad discretion to prevent abuse in the use of the enforcement procedures of C.P.L.R. article 52.” Guardian Loan Co. Inc. v. Early, 47 N.Y.2d 515, 517, 419 N.Y.S.2d 56, 392 N.E.2d 1240 (N.Y.1979). It follows that a decision to grant or deny relief under Section 5240 is reviewed for abuse of discretion. See Webb v. Torrington Indus., Inc., 28 A.D.3d 1216, 1216-17, 812 N.Y.S.2d 903 (4th Dep’t 2006).
Silverline has identified no abuse of discretion here. Silverline argues that the district court improperly discounted its ability to pay some part of the outstanding judgment; but HSBC is owed the entire outstanding balance, not less. And in light of Silverline’s failure to satisfy the judgment in the nearly seven years since it was entered, the district court was entitled to question Silverline’s future ability to pay.
Accordingly, we hereby AFFIRM the judgment of the district court.