# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**14**
**CA 11-01363**
PRESENT: SCUDDER, P.J., SMITH, CENTRA, LINDLEY, AND GORSKI, JJ.

---

JANE DOE, CLAIMANT-RESPONDENT,

V                                              MEMORANDUM AND ORDER

NORTH TONAWANDA CENTRAL SCHOOL DISTRICT,
RESPONDENT-APPELLANT.

---

HODGSON RUSS LLP, BUFFALO (JULIA M. HILLIKER OF COUNSEL), FOR
RESPONDENT-APPELLANT.

O'BRIEN BOYD, P.C., WILLIAMSVILLE (CHRISTOPHER J. O'BRIEN OF COUNSEL),
FOR CLAIMANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Niagara County (Ralph A. Boniello, III, J.), entered June 30, 2011. The order denied the motion of respondent for leave to renew the application of claimant for leave to serve a late notice of claim.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: On a prior appeal, we held that Supreme Court did not abuse its discretion in granting claimant's application for leave to serve a late notice of claim based on allegations that one of respondent's teachers had sexually abused her when she was a student at respondent's elementary school (*Doe v North Tonawanda Cent. School Dist.*, 88 AD3d 1289). Respondent now appeals from an order denying its motion for leave to renew claimant's application for leave to serve a late notice of claim. The court properly denied the motion. A motion for leave to renew "shall be based upon new facts not offered on the prior [application] that would change the prior determination" (CPLR 2221 [e] [2]), and "shall contain reasonable justification for the failure to present such facts on the prior [application]" (CPLR 2221 [e] [3]). Although we agree with respondent that certain information obtained during claimant's examination pursuant to General Municipal Law § 50-h constitutes new evidence that respondent could not have submitted in opposition to the prior application, we conclude that the new evidence would not have changed the prior determination (*see Davidoff v East 13th St. Tifereth Place, LLC*, 84 AD3d 1302, 1303; *Garcea v Battista*, 53 AD3d 1068, 1070; *Webb v Torrington Indus., Inc.*, 28 AD3d 1216, 1217).

Entered: January 31, 2012                    Frances E. Cafarell
                                             Clerk of the Court