Analiese Home Corp. v Mannari (2018 NY Slip Op 05812)





Analiese Home Corp. v Mannari


2018 NY Slip Op 05812


Decided on August 22, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
BETSY BARROS, JJ.


2016-02628
 (Index No. 704401/14)

[*1]Analiese Home Corp., respondent, 
v
Joseph Mannari, et al., appellants, et al., defendant.


Goetz Fitzpatrick, LLP, New York, NY (Maxwell J. Rubin of counsel), for appellants.
Zisholtz & Zisholtz, LLP, Mineola, NY (Meng Cheng of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants Joseph Mannari and Mannpower Contracting Corp. appeal from an order of the Supreme Court, Queens County (Dennis J. Butler, J.), dated February 29, 2016. The order denied the motion of those defendants for leave to renew their prior motion for summary judgment dismissing the complaint insofar as asserted against them and their opposition to the plaintiff's cross motion for leave to amend the complaint.
ORDERED that the order is affirmed, with costs.
"A motion for leave to renew must be based upon new facts, not offered on the original application, that would change the prior determination" (Rowe v NYCPD, 85 AD3d 1001, 1003 [internal quotation marks omitted]). "Leave to renew is not warranted where the factual material adduced in connection with the subsequent motion is merely cumulative with respect to the factual material submitted in connection with the original motion" (Matter of Orange & Rockland Util. v Assessor of Town of Haverstraw, 304 AD2d 668, 669 [internal quotation marks omitted]; see City of New York v St. Paul Fire & Mar. Ins. Co., 21 AD3d 982).
In support of their motion for leave to renew, the defendants Joseph Mannari and Mannpower Contracting Corp. (hereinafter together the defendants) failed to submit any new information that would have changed the prior determination. The material submitted in support of the motion was merely cumulative with respect to the factual material submitted in connection with the original motion and cross motion (see Yerushalmi v Yerushalmi, 82 AD3d 1217; City of New York v St. Paul Fire & Mar. Ins. Co., 21 AD3d at 983). Accordingly, we agree with the Supreme Court's determination to deny the defendants' motion for leave to renew.
AUSTIN, J.P., ROMAN, COHEN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court