Matter of Schunk v Town of York (2021 NY Slip Op 07397)





Matter of Schunk v Town of York


2021 NY Slip Op 07397


Decided on December 23, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, CURRAN, TROUTMAN, AND DEJOSEPH, JJ.


934 CA 20-00018

[*1]IN THE MATTER OF STEVEN L. SCHUNK AND JAMIE SCHUNK, CLAIMANTS-APPELLANTS,
v
TOWN OF YORK AND COUNTY OF LIVINGSTON, RESPONDENTS-RESPONDENTS. (APPEAL NO. 1.) 






PAUL WILLIAM BELTZ, P.C., BUFFALO (ANNE B. RIMMLER OF COUNSEL), FOR CLAIMANTS-APPELLANTS.
LIPPMAN O'CONNOR, BUFFALO (MATTHEW J. DUGGAN OF COUNSEL), FOR RESPONDENT-RESPONDENT TOWN OF YORK.
WEBSTER SZANYI LLP, BUFFALO (PETER L. VEECH OF COUNSEL), FOR RESPONDENT-RESPONDENT COUNTY OF LIVINGSTON. 


 Appeal from an order of the Supreme Court, Livingston County (Dennis S. Cohen, A.J.), entered December 19, 2019. The order denied the application of claimants for leave to serve a late notice of claim. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In appeal No. 1, claimants appeal from an order that denied their application for leave to serve a late notice of claim alleging that Steven L. Schunk (claimant) sustained injuries in a motor vehicle accident that resulted from a hazardous road design that respondents created and permitted to persist. In appeal No. 2, claimants appeal from an order that denied their motion for leave to reargue and renew their application for leave to serve a late notice of claim.
With respect to appeal No. 1, we conclude that Supreme Court did not abuse its discretion in denying claimants' application for leave to serve a late notice of claim. A party asserting a tort claim against a public corporation must serve a notice of claim within 90 days after the claim arises (see General Municipal Law § 50-e [1] [a]; Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 460 [2016], rearg denied 29 NY3d 963 [2017]). "A court may, however, extend the time in which to serve a notice of claim upon consideration of several factors, including whether the claimant has shown a reasonable excuse for the delay, whether [the] respondents had actual knowledge of the facts surrounding the claim within 90 days of its accrual or within a reasonable time thereafter, and whether the delay would cause substantial prejudice to the [respondents]" (Matter of Diaz v Rochester-Genesee Regional Transp. Auth. [RGRTA], 175 AD3d 1821, 1821 [4th Dept 2019] [internal quotation marks omitted]). "While the presence or absence of any single factor is not determinative, one factor that should be accorded great weight is whether the [respondent] received actual knowledge of the facts constituting the claim in a timely manner" (Matter of Turlington v Brockport Cent. Sch. Dist., 143 AD3d 1247, 1248 [4th Dept 2016] [internal quotation marks omitted]; see Matter of Bingham v Town of Wheatfield, 185 AD3d 1482, 1484-1485 [4th Dept 2020]). "Absent a clear abuse of the court's broad discretion, the determination of an application for leave to serve a late notice of claim will not be disturbed" (Dalton v Akron Cent. Schools, 107 AD3d 1517, 1518 [4th Dept 2013], affd 22 NY3d 1000 [2013] [internal quotation marks omitted]).
Here, there is no dispute that claimants' unsubstantiated claim of law office failure does not constitute a reasonable excuse for their failure to serve a timely notice of claim (see Matter of Lugo v GNP Brokerage, 185 AD3d 824, 826 [2d Dept 2020]; Seif v City of New York, 218 AD2d 595, 596 [1st Dept 1995]). Moreover, we conclude that claimants failed to establish that respondents had actual knowledge of the facts surrounding the claim. To establish actual knowledge, claimants were required to show that respondents had "knowledge of the facts that underlie the legal theory or theories on which liability is predicated in the notice of claim, and not merely some general knowledge that a wrong has been committed" (Matter of Tejada v City of New York, 161 AD3d 876, 877 [2d Dept 2018] [internal quotation marks omitted]; see Matter of Szymkowiak v New York Power Auth., 162 AD3d 1652, 1655 [4th Dept 2018]). Contrary to claimants' contention, the police report prepared following the motor vehicle accident did not provide actual knowledge of the essential facts constituting the claim because nothing contained therein would have allowed respondents to readily infer that the accident was, as claimants assert, attributable to hazardous road design or construction (see Brown v City of Buffalo, 100 AD3d 1439, 1440 [4th Dept 2012]). Additionally, we conclude that the prior discussions between respondents concerning public requests for the installation of a four-way stop at the accident site did not establish respondents' actual knowledge (cf. Fenton v County of Dutchess, 148 AD2d 573, 575 [2d Dept 1989], lv denied 74 NY2d 608 [1989]) and that evidence that local residents previously complained about the potentially dangerous condition of the roads at the accident site constituted, at best, constructive knowledge of the essential facts of the claim, which is insufficient (see Matter of Ficek v Akron Cent. Sch. Dist., 144 AD3d 1601, 1603 [4th Dept 2014]). In light of our determination, we need not consider claimants' remaining contention in appeal No. 1.
With respect to appeal No. 2, the appeal from the order insofar as it denied that part of claimants' motion seeking leave to reargue must be dismissed because no appeal lies therefrom (see MidFirst Bank v Storto, 121 AD3d 1575, 1575 [4th Dept 2014]; Empire Ins. Co. v Food City, 167 AD2d 983, 984 [4th Dept 1990]). The court did not abuse its discretion in denying that part of the motion seeking leave to renew because claimants' "submissions on that motion were merely cumulative of [their] submissions in [support of] the original [application]" (Violet Realty, Inc. v Gerster Sales & Serv., Inc. [appeal No. 2], 128 AD3d 1348, 1349-1350 [4th Dept 2015] [internal quotation marks omitted]; see Giangrosso v Kummer Dev. Corp., 16 AD3d 1094, 1094-1095 [4th Dept 2005]), and therefore claimants did not adduce any new facts in support of that part of their motion (see CPLR 2221 [e] [2]).
Entered: December 23, 2021
Ann Dillon Flynn
Clerk of the Court