Travelers Cas. & Sur. Co. v Vale Can. Ltd. (2025 NY Slip Op 01886)

Travelers Cas. & Sur. Co. v Vale Can. Ltd.

2025 NY Slip Op 01886

Decided on March 27, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 27, 2025

Before: Moulton, J.P., Gesmer, Scarpulla, Rosado, Michael, JJ. 

Index No. 654028/21|Appeal No. 3980|Case No. 2024-06215|

[*1]Travelers Casualty & Surety Company, Plaintiff-Respondent,
v
Vale Canada Limited, Defendant-Appellant, AIU Insurance Company, et al., Defendants.

Pillsbury Winthrop Shaw Pittman LLP, New York (Alexander Hardiman of counsel), for appellant.
Day Pitney LLP, Hartford, CT (Kathleen D. Monnes of the bar of the State of Connecticut, admitted pro hac vice, of counsel), for respondent.

Order, Supreme Court, New York County (Andrew Borrok, J.), entered on or about September 12, 2024, which, to the extent appealed from, denied the motion of defendant Vale Canada Limited for leave to renew its motion to dismiss the complaint, unanimously affirmed, with costs.
We previously affirmed the denial of Vale Canada's motion to dismiss the complaint, finding that it had not satisfied its burden of establishing forum non conveniens (see Travelers Cas. & Sur. Co. v Vale Can. Ltd., 215 AD3d 507, 509 [1st Dept 2023]). On its motion to renew, Vale Canada relies primarily on the deposition testimony of plaintiff Travelers Casualty & Surety Company's corporate designee, which was taken after this Court's decision. Supreme Court providently exercised its discretion in denying Vale Canada's post-appeal motion to renew because it did not sustain its heavy burden of showing that "by exercising due diligence, [it] could not have obtained the purported new facts at the time of the original motion" (Gordon v 476 Broadway Realty Corp., 161 AD3d 417, 418 [1st Dept 2018], lv dismissed 32 NY3d 1078 [2018]). Vale Canada's post-appeal renewal motion was not based on new facts obtained from the deposition testimony, but rather, was impermissibly based on new theories of law — namely, justiciability and a breach of the parties' agreement (see Venuti v Novelli, 179 AD2d 477, 478-479 [1st Dept 1992]).
Vale Canada's arguments, even if considered as based on new facts, would not have led to a different result (see Sciss v Metal Polishers Union Loc. 8A, 149 AD2d 318, 321 [1st Dept 1989]). The jurisdictional argument is unavailing because "a disclaimer of coverage is not necessary in order for [an insurer] to preserve its defenses under the policy" (see Continental Cas. Co. v Employers Ins. Co. of Wausau, 60 AD3d 128, 135 [1st Dept 2008], lv denied 13 NY3d 710 [2009]). Thus, Travelers' failure to provide a denial or disclaimer of coverage to Vale Canada before commencing this action was not a jurisdictional defect requiring dismissal. Moreover, as Travelers' corporate designee testified at deposition, Travelers commenced this action only because Travelers and Vale Canada were not able to resolve the live and legitimate coverage issues.
Nor did the complaint rely on settlement communications or confidential settlement documents, conduct prohibited by the parties' Standstill and Confidentiality Agreement. The complaint is premised on the simple fact that Travelers did not see a basis for finding insurance coverage for Vale Canada's claims.
We have considered Vale Canada's remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 27, 2025