■ In the Matter of PETER MARASCO, Appellant-Respondent, v WILLIAM LUNEY et al., Constituting the Zoning Board of Appeals of the Village of Tarrytown, Respondents-Appellants, and WALTER LUBERGER et al., Intervenor-Respondents. — In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the Zoning Board of Appeals of the Village of Tarrytown, dated July 14, 1980, which granted a permitted use and certain area variances to the intervenors, petitioner appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Westchester County (Wood, J.), dated November 8, 1982, as dismissed the petition on the merits, and the members of the Zoning Board of Appeals of the Village of Tarrytown cross-appeal from so much of the same judgment as failed to hold that petitioner Peter Marasco is without standing to bring the proceeding. Cross appeal dismissed, without costs or disbursements. The zoning board is not aggrieved by the judgment (CPLR 5511; *Parochial Bus Systems v Board of Educ.,* 60 NY2d 539). Judgment affirmed insofar as appealed from, without costs or disbursements. In November, 1979, intervenors, as owners of premises known as No. 414 South Broadway in the Village of Tarrytown, applied to the building inspector of said village for a permit for the erection of a building for a

Midas Muffler Shop on the afore-said premises. The application was denied by the building inspector on the ground that the property in question is classified on the zoning use district map in a neighborhood shopping district and the application called for the erection of a building and a use not permitted within a neighborhood shopping district. In December, 1979, intervenors appealed to the zoning board of appeals from this decision and applied for a use variance so as to permit the erection of the Midas Muffler Shop. Subsequently, at hearings held on the application, intervenors also applied for certain area variances. At the close of the hearings, the zoning board of appeals granted intervenors' applications. Petitioner, as part owner of an automobile service station adjoining intervenors' property, in a prior proceeding pursuant to CPLR article 78, sought review of the determination of the zoning board of appeals. The court initially dismissed the petition. However, by order dated October 7, 1981, the court, upon reargument, remitted the matter to the zoning board of appeals for written findings which expressly detailed and substantiated its conclusions. In compliance with the foregoing order, the zoning board of appeals reopened and continued the public hearings. At the conclusion of the hearings the board set forth detailed findings of fact with reference to economic hardship, uniqueness of the property and present nature of the neighborhood, followed by a determination that no use variance is necessary, as the proposed use is permitted by the ordinance, but if a use variance were necessary, it would be granted. The board also granted the requested area variances. Petitioner then brought the instant proceeding in an attempt to annul the determination of the zoning board of appeals. Walter Luberger and Adele Curtis moved to intervene in the proceeding and to dismiss the petition. Special Term granted their application to intervene and dismiss the petition on the merits, finding that the zoning board of appeals made appropriate findings based upon the record before it and those findings cannot be held to be arbitrary or capricious. The law is clear that the local zoning boards have discretion in considering applications for variances and the courts may set aside a zoning board's determination only where the record reveals illegality, arbitrariness or abuse of discretion (*Conley v Town of Brookhaven Zoning Bd. of Appeals,* 40 NY2d 309). On appeal, petitioner presents several arguments in support of his claim that Special Term erred in dismissing his petition. Petitioner first argues that the "Findings and Determination" of the zoning board of appeals are contrary to the order dated October 7, 1981, which remitted the matter to the board to clear up ambiguities in the record. In our opinion, the zoning board of appeals, in compliance with the October 7, 1981 order, set forth detailed findings which supported its determination that no use variance is necessary, but if it were necessary, it would be granted. A second argument is that the "Findings and Determination" are insufficient as they are not supported by substantial evidence. In order to review a determination made by an administrative board, there must be presented a clear statement of factual grounds upon which the determination is based (*Matter of Collins v Behan,* 285 NY 187). Where there is a rational basis for the board's decision the decision should be sustained (*Matter of Cowan v Kern,* 41 NY2d 591). Here, the evidence presented at the public hearings was sufficient to support the board's "Findings and Determination", and the record does not indicate that the board acted in a manner that was in any way arbitrary, unreasonable or irrational. Hence, Special Term correctly dismissed the petition. One further comment is necessary regarding the zoning board's contentions. The board essentially argues that Special Term erred in failing to hold that petitioner is without standing to bring the proceeding. Petitioner, on the other hand, contends that, as an adjoining landowner, he was a "person aggrieved" by the board's action and had standing to bring this proceeding. The law is settled that nearby and adjacent landown-

ers are, as a matter of law, empowered to bring proceedings pursuant to CPLR article 78 to challenge the decision of a zoning board of appeals as "persons aggrieved" by that decision (*Matter of Douglaston Civic Assn. v Galvin,* 36 NY2d 1; *Matter of Tuxedo Conservation & Taxpayers Assn. v Town Bd.,* 69 AD2d 320; *Grasmere Homeowners' Assn. v Introne,* 84 AD2d 778; *Matter of Prudco Realty Corp. v Palermo,* 93 AD2d 837, affd 60 NY2d 656). Accordingly, petitioner, an abutting landowner, clearly has standing to bring this proceeding. Bracken, J. P., Brown, Niehoff and Boyers, JJ., concur.