■ In the Matter of ARTHUR NEWMAN et al., Appellants, v ZONING BOARD OF APPEALS OF THE TOWN OF YORKTOWN et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Yorktown, dated November 2, 1984, which granted the application of the respondent Solomon Silver for a variance, the petitioners appeal from a judgment of the Supreme Court, Westchester County (Martin, J.), dated March 15, 1985, which dismissed the petition.

Judgment affirmed, with one bill of costs.

The decision of a zoning board will be sustained if it has a rational basis and is supported by substantial evidence *(see, Matter of Fuhst v Foley,* 45 NY2d 441; *Matter of Cowan v Kern,* 41 NY2d 591). A local zoning board of appeals has considerable discretion in considering an application for a variance and a court's function is limited to setting aside its determination only where the record reveals illegality, arbitrariness or an abuse of discretion *(see, Conley v Town of Brookhaven Zoning Bd. of Appeals,* 40 NY2d 309; *Matter of Marasco v Luney,* 99 AD2d 492).

In the instant proceeding, it was necessary for the respondent Solomon Silver to demonstrate that strict compliance

with the zoning law would result in practical difficulties in order for a variance to be granted *(see, Human Dev. Servs. v Zoning Bd. of Appeals,* 110 AD2d 135, 139, *affd* 67 NY2d 702; *Matter of Village of Bronxville v Francis,* 1 AD2d 236, *affd* 1 NY2d 839). Upon review of the factors to be considered by a zoning board in determining whether a variance should be granted *(see, Human Dev. Servs. v Zoning Bd. of Appeals, supra; Matter of Wachsberger v Michalis,* 19 Misc 2d 909, *affd* 18 AD2d 921), we find that the subject variance was properly granted. The Zoning Board of Appeals showed that its current interpretation of the relevant section of the Town of Yorktown Zoning Ordinance was consistent with its interpretation with respect to prior applications. As this interpretation is neither unreasonable nor irrational, we decline to disturb it *(see, Matter of Frishman v Schmidt,* 61 NY2d 823). Bracken, J. P., Niehoff, Lawrence and Kunzeman, JJ., concur.