■ In the Matter of FRANK ZAMIARA, Respondent, v FRANK CUTRI, as Chairman of the Zoning Board of Appeals of the City of Canandaigua, et al., Respondents, and JEFFERY FUELS, INC., Appellant.—Judgment reversed on the law without costs and petition dismissed. Memorandum: Respondent contends that Special Term erred in annulling and reversing the determination of the City of Canandaigua Board of Zoning Appeals granting it a use variance. We agree.

Respondent on May 9, 1985 purchased a parcel of land straddling the border of the Town and City of Canandaigua. The major portion of the parcel is located in the town and is zoned for gas station and convenience store use. Though the smaller portion located within the city is zoned commercial,

gas stations are prohibited. Respondent, upon the request of the Town Planning Board, sought a use variance from the City Zoning Board of Appeals to locate the gas pumps within the city for safety reasons.

Two comprehensive hearings were held by the Board following which it concluded that it was in the city's best interest to grant the variance. At the hearings it was shown that, by locating the pumps in the city rather than in the town, safety dangers associated with locating the pumps over the storage tanks would be avoided. Further, placing the pumps within the city facilitated traffic safety. Respondent demonstrated the necessity of operating both a convenience store and gas station in order to obtain a reasonable return on its investment. The Board, in granting the variance, duly noted the long history of failed businesses on the premises.

Zoning boards of appeals are granted considerable discretion in determining applications for variances and their judgment should not be disturbed absent a clear abuse of discretion *(Matter of Newman v Zoning Bd. of Appeals,* 121 AD2d 543, *lv denied* 68 NY2d 610). Here, in support of the Board's determination, there was ample evidence that petitioner would suffer undue hardship. The minuscule size of the parcel (.09 acres), its recognized past history of repeated business failures and respondent's evidence that a convenience store alone was economically impractical provide substantial evidence that the property would not yield a reasonable return as presently zoned. Further, the granting of this variance will not alter the essential commercial nature of the area. As the Board's determination has a rational basis and is supported by substantial evidence, it should be sustained *(Matter of Newman v Zoning Bd. of Appeals, supra; Matter of Marasco v Luney,* 99 AD2d 492, *lv denied* 63 NY2d 605).

Finally, we cannot agree with the dissent that, under the unique circumstances of this case, respondent's actions constitute self-created hardship which bars its request. Respondent purchased the parcel for the purpose of building a convenience store and gas station, which it has done. This is a permitted use in the town that will continue even if this variance is not granted. It was determined that placement of the gas pumps outside the city parcel would create potential fire and traffic safety dangers, and it was this fact which prompted respondent's request for a use variance. Given these equities and considering the minimal effect on petitioner, the sole objector, the variance was properly granted.

All concur, except Boomer, J., who dissents and votes to affirm in the following memorandum.

Boomer, J. (dissenting). I would affirm for the reasons stated in the memorandum decision at Special Term (Davis, J.) adding only the following:

The Court of Appeals has reaffirmed the well-established rule that "a landowner who seeks a use variance must demonstrate factually, by dollars and cents proof, an inability to realize a reasonable return under existing permissible uses. Without such evidence, a grant of a use variance by a zoning board is not justified." *(Matter of Village Bd. v Jarrold,* 53 NY2d 254, 256.) Contrary to the statement of the majority, there is no proof in the record that the property could not realize a reasonable return under existing permissible uses. In fact, respondent Jeffery Fuels admitted that if the variance to construct the gasoline pumps on the portion of the property in the city were denied, it could successfully maintain its combination gasoline station and convenience store operation by locating the pumps on the portion of its property located in the town where a gasoline station is a permitted use. Also, there is no proof in the record that defendant sought the variance to locate the gasoline pumps in the city because of potential fire and traffic safety dangers if the pumps were located in the town. The town found no such dangers, for it granted a permit to locate the pumps in the town. The record demonstrates that respondent sought to locate the pumps in the city for its own convenience. Pertinent here is the quotation from *People ex rel. Fordham Manor Refm. Church v Walsh* (244 NY 280, 290-291) that "judicial review would be reduced to an empty form if the requirement were relaxed that in the return of the proceedings the hardship and its occasion must be exhibited fully and at large. Safeguards of this order have at times an aspect of triviality when our scrutiny is narrowed to one instance or another. Their value is perceived when the outlook is extended to something wider than particulars." (Appeal from judgment of Supreme Court, Ontario County, Davis, J.—art 78.) Present—Denman, J. P., Boomer, Balio and Lawton, JJ.