■ CITY OF UTICA, Appellant, v NEW YORK SUSQUEHANNA AND WESTERN RAILWAY CORP. et al., Respondents. [849 NYS2d 139]—

Appeal from a judgment (denominated order and judgment) of the Supreme Court, Oneida County (James C. Tormey, J.), entered January 26, 2007 in a CPLR article 78 proceeding and declaratory judgment action. The judgment dismissed the amended petition and complaint.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff-petitioner (petitioner) commenced this hybrid CPLR article 78 proceeding and declaratory judgment action seeking a determination that the lease agreement between defendants-respondents New York Susquehanna and Western Railway Corp. (NYS & W) and New York Regional Interconnect, Inc. is invalid as against public policy and seeking to enjoin the construction of a power transmission line on real property owned, used or controlled by NYS & W. Petitioner also sought a judgment enforcing the terms of a payment in lieu of taxes (PILOT) agreement between defendant-respondent

Oneida County Industrial Development Corporation (IDC) and NYS & W and prohibiting the IDC from consenting to NYS & W's use of its property for construction of power lines through the City of Utica. We note at the outset that a declaratory judgment action is not an appropriate procedural vehicle for the ultimate relief sought, i.e., a determination concerning the validity of the lease agreement, and thus this is properly only a proceeding pursuant to CPLR article 78.

As Supreme Court noted, the application to build the transmission line was pending before the New York State Public Service Commission (PSC), which has exclusive authority to resolve all matters concerning the construction of major power lines in one proceeding. Because the PSC has not yet issued a determination allowing the power line to run through petitioner's property, the court properly concluded that there was no controversy and dismissed the amended petition on the ground that the matter was not ripe for review (*see Church of St. Paul & St. Andrew v Barwick*, 67 NY2d 510, 520 [1986], *cert denied* 479 US 985 [1986]). We note in addition that petitioner has conceded in its brief on appeal that any causes of action with respect to the PILOT agreement are moot, inasmuch as that agreement by its terms has terminated. Present—Hurlbutt, J.P., Gorski, Martoche, Lunn and Peradotto, JJ.