■ In the Matter of RITA C. CHU et al., Petitioners, and BRUCE LEE, Appellant, v NEW YORK STATE URBAN DEVELOPMENT CORPORATION, Doing Business as EMPIRE STATE DEVELOPMENT CORPORATION, et al., Respondents. [850 NYS2d 82]—

Judgment, Supreme Court, New York County (Lottie E. Wilkins, J.), entered September 21, 2006, which, to the extent appealed from as limited by the briefs, denied petitioner Lee's amended petition and dismissed the proceeding, unanimously affirmed, without costs.

This proceeding was brought by a neighborhood resident to annul the "Negative Declaration" of respondent Empire State Development Corporation (ESDC), which determined that renovations to the Seventh Regiment Armory had no potentially significant negative environmental impact. "In reviewing administrative proceedings in general and SEQRA determinations in particular, [the court is] limited to considering 'whether a determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion' " (*Chinese Staff & Workers Assn. v City of New York*, 68 NY2d 359, 363 [1986], quoting CPLR 7803 [3]). ESDC's negative declaration had a rational basis and was not an abuse of discretion.

ESDC was not required expressly to consider and evaluate the potential impact of the project on the Armory's ability to remain an emergency staging area, inasmuch as the statutory authorization for the renovation specifically requires the Ar-

mory to retain that capability (*see* McKinney's Uncons Laws of NY § 6288 [b], [e] [New York State Urban Development Corporation Act (L 1968, ch 174, § 1, as amended) § 39 (b), (e)]; Military Law § 180-a [3]), and petitioner has identified nothing in the proposed renovations that would preclude this mandate. ESDC was also not required to consider further the effect of the project on emergency responses of police and fire stations in the area. This concern is essentially the same as the consideration of whether the project would have a potentially significant adverse environmental impact on traffic in the area, which ESDC directly addressed, finding no such adverse impact.

ESDC took the requisite "hard look" (*see Chinese Staff & Workers Assn.*, 68 NY2d at 363-364) at the environmental issues it recognized as having potential for adverse impact, and found no significant adverse impact. Specifically, the record supports the conclusion that ESDC properly credited the traffic study conducted by its own expert. Petitioner's expert's report appears to contain inaccurate statements as to the methods used by ESDC's expert in conducting the study, and fails to cite any authority or reference for a number of his statistics and conclusions, such as his conclusion that there are an insufficient number of garages to accommodate the anticipated increased number of cars searching for such parking. In any event, it is not the role of the court to resolve disagreements among experts, so long as the agency's conclusions are not affected by error of law, arbitrary and capricious, or an abuse of discretion (*see Matter of Fisher v Giuliani*, 280 AD2d 13, 19-20 [2001]). We find no such error, arbitrariness or abuse. Concur—Lippman, P.J., Mazzarelli, Gonzalez, Sweeny and Acosta, JJ. [*See* 13 Misc 3d 1229(A), 2006 NY Slip Op 52055(U).]