■ In the Matter of BARKER CENTRAL SCHOOL DISTRICT et al., Appellants, v NIAGARA COUNTY INDUSTRIAL DEVELOPMENT AGENCY et al., Respondents, et al., Respondents/Defendants. (Proceeding No. 1.) In the Matter of TOWN OF SOMERSET et al., Appellants, v NIAGARA COUNTY INDUSTRIAL DEVELOPMENT AGENCY et al., Respondents. (Proceeding No. 2.) (And Another Proceeding.) [877 NYS2d 813]—

Appeal from a judgment of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered November 14, 2007. The judgment, insofar as appealed from, dismissed the petition/complaint in proceeding No. 1 and the petition in proceeding No. 2 and dismissed the Real Property Tax Law article 7 proceedings commenced by respondent/defendant and respondent AES Somerset, LLC with respect to the Somerset Generating Station.

It is hereby ordered that the judgment insofar as appealed from is unanimously reversed on the law without costs, the petition/complaint in proceeding No. 1 and the petition in proceeding No. 2 are granted, the final resolution of the Niagara County Industrial Development Agency dated October 27, 2006 and the resulting agreements are annulled and the Real Property Tax Law article 7 proceedings commenced by respondent/defendant and respondent AES Somerset, LLC with respect to the Somerset Generating Station are reinstated.

Memorandum: In proceeding No. 1, petitioners/plaintiffs (collectively, District petitioners) appeal from a judgment dismissing their petition/complaint seeking to annul the determination of respondent/defendant Niagara County Industrial Development Agency (NCIDA) granting tax abatement relief in the form of a payment in lieu of taxes (PILOT) agreement and lease/leaseback agreements to respondents/defendants AES Somerset, LLC, AES Eastern Energy, L.P., AES NY, L.L.C., and AES Corporation (collectively, AES respondents) with respect to their electrical generating station in Somerset, New York (Somerset Generating Station). In proceeding No. 2, petitioners (collectively, Town petitioners) appeal from the same judgment, which dismissed their petition seeking the same relief as that sought by the District petitioners. We note at the outset that a declaratory judgment action is not an appropriate procedural vehicle for challenging NCIDA's administrative determination, and thus the proceeding/declaratory judgment action in proceeding No. 1 is properly only a proceeding pursuant to CPLR article 78 (*see Matter of Potter v Town Bd. of Town of Aurora*, 60 AD3d 1333 [2009]).

We conclude that Supreme Court erred in dismissing the petition/complaint in proceeding No. 1 and the petition in proceeding No. 2. The relief sought therein was judicial review of NCIDA's final resolution dated October 27, 2006, issued following a hearing, pursuant to which NCIDA determined that financial assistance in the form of a PILOT agreement and lease/leaseback agreements was warranted for the Somerset Generating Station. The record establishes, however, that the AES

respondents presented no financial statements to NCIDA from which NCIDA could determine whether financial assistance to the Somerset Generating Station was necessary. While one NCIDA board member reviewed the financial statements contained on the Internet Web site of the AES respondents, he informed the remainder of the board only that the AES respondents were financially stable and capable of ensuring a long-term PILOT agreement. The financial information contained on the Web site in any event related only to one of the AES respondents, i.e., the parent company, and did not specify that it concerned the Somerset Generating Station. The AES respondents also failed to present any evidence supporting the conclusion that the benefits of the PILOT agreement and lease/leaseback agreements outweighed the costs of that tax abatement relief. There was no evidence supporting the conclusion of NCIDA that the agreement of the AES respondents, pursuant to which AES Somerset, LLC agreed to discontinue the tax certiorari proceedings it commenced with respect to the Somerset Generating Station in exchange for the PILOT agreement, would make up for the loss of tax revenue resulting from the PILOT agreement. There also was no evidence supporting the court's calculations with respect to the cost of the litigation in the event that AES Somerset, LLC prevailed in those tax certiorari proceedings. In addition, there was no evidence presented to establish that a deviation from NCIDA's Uniform Tax Exemption Policy was warranted. We therefore conclude that NCIDA's determination that the tax abatement relief in the form of the PILOT agreement and lease/leaseback agreements was warranted for the Somerset Generating Station is not supported by substantial evidence (*see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180-181 [1978]).

We further agree with the District petitioners and the Town petitioners that sections 1.3 and 1.4 of the PILOT agreement are invalid. Although section 1.3 of the agreement apportions PILOT payments between the taxing jurisdictions based upon tax rates, General Municipal Law § 858 (15) requires that such apportionment be based upon the amount of taxes that the taxing jurisdictions would have received but for the PILOT agreement, unless the affected tax jurisdictions agree otherwise. Section 1.4 of the agreement improperly authorizes NCIDA to determine the assessed value of any future additions made to the Somerset Generating Station.

We therefore conclude that the court should have granted the petition/complaint in proceeding No. 1 and the petition in proceeding No. 2, thereby annulling the final resolution of

NCIDA with respect to the PILOT agreement and the lease/leaseback agreements, and the court erred in dismissing the Real Property Tax Law article 7 proceedings filed by AES Somerset, LLC with respect to the Somerset Generating Station. Present—Scudder, P.J., Hurlbutt, Peradotto and Gorski, JJ.