In the Matter of DAGMAR NEARPASS et al., Appellants, v SENECA COUNTY INDUSTRIAL DEVELOPMENT AGENCY et al., Respondents. [60 NYS3d 732]—

Appeal from a judgment (denominated order) of the Supreme Court, Seneca County (W. Patrick Falvey, A.J.), dated August 18, 2016 in a CPLR article 78 proceeding. The judgment dismissed the petition.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioners commenced this CPLR article 78 proceeding seeking, inter alia, to annul the resolution of respondent Seneca County Industrial Development Agency (SCIDA) granting tax abatement relief in the form of a payment in lieu of taxes (PILOT) agreement and lease/leaseback agreements to the remaining respondents (hereafter, project respondents) with respect to the Lago Resort & Casino in the Town of Tyre, Seneca County. Supreme Court dismissed the petition. We affirm.

We begin by observing that only the first, second, and fourth causes of action in the petition are addressed by petitioners on appeal, and we therefore confine our analysis thereto. As a threshold matter, we reject respondents' contention that this appeal is moot because petitioners did not seek a preliminary injunction to halt the construction work on the resort and casino structures and facilities. Petitioners allege, inter alia, economic harm flowing from the PILOT agreement and the

Lago Resort & Casino's exemption from real property taxes through the year 2037. The appeal is therefore not moot (*see Matter of AT/Comm, Inc. v Tufo*, 86 NY2d 1, 5-6 [1995]; *Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 713-714 [1980]; *cf. City of Utica v New York Susquehanna & W. Ry. Corp.*, 46 AD3d 1355, 1356 [2007]).

With respect to the first cause of action, we reject petitioners' contention that the resort and casino development was ineligible for SCIDA financial assistance because it was not a "project" pursuant to General Municipal Law § 854 (4). "It is fundamental that a court, in interpreting a statute, should attempt to effectuate the intent of the Legislature . . . , and where the statutory language is clear and unambiguous, the court should construe it so as to give effect to the plain meaning of the words used" (*Patrolmen's Benevolent Assn. of City of N.Y. v City of New York*, 41 NY2d 205, 208 [1976]; *see Matter of Synergy, LLC v Kibler*, 124 AD3d 1261, 1262 [2015], *lv denied* 25 NY3d 967 [2015]). "While as a general rule courts will not defer to administrative agencies in matters of 'pure statutory interpretation' " (*Matter of O'Brien v Spitzer*, 7 NY3d 239, 242 [2006], quoting *Matter of KSLM-Columbus Apts., Inc. v New York State Div. of Hous. & Community Renewal*, 5 NY3d 303, 312 [2005]), "deference is appropriate 'where the question is one of specific application of a broad statutory term' " (*id.* at 242, quoting *Matter of American Tel. & Tel. Co. v State Tax Commn.*, 61 NY2d 393, 400 [1984], *rearg denied* 62 NY2d 943 [1984]). Here, we conclude that the broad statutory terms "commercial" and "recreation" within the definition of "project" in section 854 (4) are ambiguous insofar as they are susceptible to conflicting interpretations. As such, SCIDA's interpretation "is entitled to great deference, and must be upheld as long as it is reasonable" (*Matter of Chin v New York City Bd. of Stds. & Appeals*, 97 AD3d 485, 487 [2012], *lv denied* 19 NY3d 815 [2012]; *see Matter of Golf v New York State Dept. of Social Servs.*, 91 NY2d 656, 667 [1998]). Contrary to petitioners' contention, we conclude that SCIDA's determination was not affected by an error of law inasmuch as its interpretation of section 854 (4) is not "irrational or unreasonable" (*Matter of Koch v Sheehan*, 95 AD3d 82, 89 [2012], *affd* 21 NY3d 697 [2013]; *see Matter of Iskalo 5000 Main LLC v Town of Amherst Indus. Dev. Agency*, 147 AD3d 1414, 1416 [2017]).

With respect to the second cause of action, we reject petitioners' further contention that SCIDA's award of financial assistance to the Lago Resort & Casino project was arbitrary and capricious or unlawful because such assistance was unneces-

sary to induce the project respondents to undertake development in Seneca County. We conclude that the record demonstrates that SCIDA had an "adequate and rational basis" for its determination (*Matter of Central NY Coach Lines v Larocca*, 120 AD2d 149, 152 [1986]). Moreover, there is no requirement in the Industrial Development Agency Act that a particular project be financially needy in order to qualify for assistance. An express purpose of the Act is "to actively promote, attract, encourage and develop recreation, economically sound commerce and industry" (General Municipal Law § 852), a purpose which SCIDA rationally determined would be furthered by providing assistance to the subject project. We reject the position of petitioners that our decision in *Matter of Barker Cent. School Dist. v Niagara County Indus. Dev. Agency* (62 AD3d 1239 [2009]) is controlling on the issue of financial necessity as a prerequisite for SCIDA financial assistance. In *Barker*, the Niagara County Industrial Development Agency's (NCIDA) Uniform Tax Exemption Policy (UTEP) specifically required companies seeking a tax exemption to show that the benefits obtained through such financial assistance were necessary to make the project for which tax exemption was sought economically feasible. Because the applicants in *Barker* failed to present the required financial statements, we determined that NCIDA's determination to award financial assistance was not supported by substantial evidence (*id.* at 1241). Here, SCIDA's UTEP did not require a showing that the benefits obtained were necessary to make the project economically feasible, and there is no dispute that SCIDA complied with all relevant procedural requirements (*see* General Municipal Law §§ 859-a [1]-[3]; 862 [1]; 874 [4] [a]).

Respondents argue as an alternative ground for affirmance that petitioners lack standing to assert the first, second, and fourth causes of action. With respect to petitioners' fourth cause of action alleging that SCIDA's determination was arbitrary and capricious because it was based on a flawed appraisal which allegedly undervalued the project for tax assessment calculations, we agree with respondents that petitioners lack common-law taxpayer standing to assert that claim and further conclude that, by failing to raise it in their briefs, petitioners have in any event abandoned any claim to common-law taxpayer standing with respect to the fourth cause of action (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 984 [1994]).

We conclude that the court properly determined that petitioners have common-law taxpayer standing with respect to the first and second causes of action (*see generally Saratoga County*

*Chamber of Commerce v Pataki*, 100 NY2d 801, 814-815 [2003], *cert denied* 540 US 1017 [2003]). However, we agree with respondents that petitioners lack traditional standing with respect to the environmental injuries alleged in the second cause of action because petitioners allege that the resort and casino would have been constructed even without SCIDA assistance. Thus, there is no causal nexus between the alleged environmental injuries and the granting of financial assistance by SCIDA (*see generally Matter of Transactive Corp. v New York State Dept. of Social Servs.*, 92 NY2d 579, 587 [1998]). We further conclude that petitioners lack traditional standing with respect to the first, second, and fourth causes of action challenging SCIDA's determination inasmuch as the economic injuries alleged are not distinct from other members of the general public (*see Matter of Quigley v Town of Ulster*, 66 AD3d 1295, 1296 [2009]).

Even assuming, arguendo, that petitioners have traditional standing with respect to the fourth cause of action challenging the appraisal of the project respondents, we note that there is no requirement in the Industrial Development Agency Act that the agency or applicant obtain an appraisal as part of the application process, and that "it is not the role of the court to resolve disagreements among experts, so long as the agency's conclusions are not affected by error of law, arbitrary and capricious, or an abuse of discretion" (*Matter of Chu v New York State Urban Dev. Corp.*, 47 AD3d 542, 543 [2008]). Here, we perceive no reason to disturb SCIDA's conclusions.

We have considered petitioners' remaining contentions and conclude that they are without merit. Present—Peradotto, J.P., Carni, Lindley, Troutman and Scudder, JJ. ▮