Ives Hill Country Club, Inc. v City of Watertown (2020 NY Slip Op 04246)





Ives Hill Country Club, Inc. v City of Watertown


2020 NY Slip Op 04246


Decided on July 24, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, NEMOYER, AND BANNISTER, JJ.


140 CA 19-01640

[*1]IVES HILL COUNTRY CLUB, INC., AND PRIME, LLC, PLAINTIFFS-APPELLANTS,
v
CITY OF WATERTOWN, JOSEPH BUTLER, JR., IN HIS OFFICIAL CAPACITY AS MAYOR, RYAN J. HENRY-WILKINSON, CODY J. HORBACZ, LISA A. L'HUILLIER RUGGIERO AND MARK C. WALCZYK, IN THEIR OFFICIAL CAPACITIES AS COUNCIL MEMBERS, CITY COUNCIL, RICHARD FINN, IN HIS OFFICIAL CAPACITY AS CITY MANAGER, AND WATERTOWN GOLF CLUB, INCORPORATED, DEFENDANTS-RESPONDENTS. (APPEAL NO. 1.) 






LEVENTHAL, MULLANEY & BLINKOFF, LLP, ROSLYN (STEVEN G. LEVENTHAL OF COUNSEL), FOR PLAINTIFFS-APPELLANTS. 
BARCLAY DAMON, LLP, SYRACUSE (MITCHELL J. KATZ OF COUNSEL), FOR DEFENDANTS-RESPONDENTS CITY OF WATERTOWN, JOSEPH BUTLER, JR.,
THEIR OFFICIAL CAPACITIES AS COUNCIL MEMBERS, CITY COUNCIL, AND RICHARD FINN, IN HIS OFFICIAL CAPACITY AS CITY MANAGER.
CONBOY, MCKAY, BACHMAN & KENDALL LLP, WATERTOWN (IAN W. GILBERT OF COUNSEL), FOR DEFENDANT-RESPONDENT WATERTOWN GOLF CLUB, INCORPORATED. 


 Appeal from an order of the Supreme Court, Jefferson County (James P. McClusky, J.), entered March 5, 2019. The order denied the motion of plaintiffs for partial summary judgment, granted the cross motions of defendants for summary judgment and dismissed the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by reinstating the complaint to the extent that it seeks a declaration with respect to the 2006 Lease Agreement between defendant City of Watertown and defendant Watertown Golf Club, Incorporated (2006 lease) and granting judgment in favor of defendants as follows:
It is ADJUDGED and DECLARED that the 2006 lease is valid,
and as modified the order is affirmed without costs.
Memorandum: Plaintiffs commenced this action seeking a judgment declaring that certain lease agreements between defendant City of Watertown (City) and defendant Watertown Golf Club, Incorporated (WGC) are void. In 1917, the City was deeded certain land as a gift to be used as a public park. The deed contained a restriction providing that title to the land would divest if the City no longer used it as a park. The land became the City's Thompson Park and, in 1946, a land purchase by the City enlarged the park by 148 acres. In 1965, the City leased 66.3 acres of the purchased land to WGC for a term of 21 years, thereby allowing WGC to expand its golf course. In 1983, two years before the 1965 lease was due to expire, the State Legislature retroactively approved the lease. The City thereafter extended the lease twice more, with the terms ending in 1989 and 1999, respectively. In 2000, nonparty Joseph M. Butler Sr. became [*2]Mayor of the City. At that time, he was a member of WGC's board of directors and held one share of WGC stock. That same year, the City Council approved another lease with WGC (2000 lease) having a term ending in 2009. Butler abstained from the City Council vote approving the 2000 lease, although he participated in discussions leading to the vote and executed the 2000 lease on behalf of the City. In 2006, before the expiration of the 2000 lease, Butler, who was then the president of WGC but no longer the Mayor, appeared before the City Council to participate in discussions that led to another lease (2006 lease) with a term ending in 2029.
In November 2018, plaintiffs, the owner and operator of a competing golf course, commenced this action alleging that the 2000 lease was incorporated in and extended by the 2006 lease and sought a declaration that the 2000 lease and the 2006 lease, as an extension of the 2000 lease, are void. In appeal No. 1, plaintiffs appeal from an order denying their motion for partial summary judgment on the first cause of action seeking a declaration that the 2000 lease as extended by the 2006 lease is void based on a violation of General Municipal Law § 801 and granting the cross motions of defendants for summary judgment dismissing the complaint against them. In appeal No. 2, plaintiffs appeal from an order denying their motion for leave to renew their motion for partial summary judgment.
Contrary to plaintiffs' contention in appeal No. 1, Supreme Court properly denied their motion. Even assuming, arguendo, that plaintiffs met their initial burden of establishing that the 2000 lease violated General Municipal Law § 801, we conclude that such a violation would have affected only the 2000 lease (see generally
§ 804). We reject plaintiffs' position that the 2006 lease was an extension of the 2000 lease and was therefore also tainted by the violation of section 801. It is well settled that " parties to a written contract may mutually agree to cancel or rescind it' " (Dolansky v Frisillo, 92 AD3d 1286, 1287 [4th Dept 2012]). Here, the 2006 lease does not modify or renew the 2000 lease but, instead, is a renegotiated and new agreement that shortened the lease term that had been set forth in the 2000 lease, set a new and longer lease term between the parties, set forth a new rent schedule, and contained additional consideration between the parties (see generally Schwartzreich v Bauman-Basch, Inc., 231 NY 196, 203 [1921], rearg denied 231 NY 602 [1921]). Thus, inasmuch as the 2000 lease has expired and the 2006 lease is a separate agreement, plaintiffs' contentions with respect to the 2000 lease are moot (see generally Matter of Ballard v New York Safety Track LLC, 126 AD3d 1073, 1075 [3d Dept 2015]; City of Utica v New York Susquehanna & W. Ry. Corp., 46 AD3d 1355, 1356 [4th Dept 2007]). For the reasons set forth above, we also reject plaintiffs' contention in appeal No. 1 that the court erred in granting the cross motions with respect to the first cause of action.
Contrary to plaintiffs' further contention in appeal No. 1, we conclude that the court properly granted the cross motions with respect to the third cause of action, alleging violations of common-law principles concerning conflicts of interest (see generally Matter of Zagoreos v Conklin, 109 AD2d 281, 287 [2d Dept 1985]). Any conflict of interest ended in 2006 when the new lease was renegotiated and this lawsuit was not commenced until 2018. Thus, the third cause of action is barred by the statute of limitations (see CPLR 213 [1]), and we reject plaintiffs' contention that Butler's alleged conflict of interest constitutes a continuing wrong to which the statute of limitations does not apply (see generally Matter of Shapiro v Town of Ramapo, 98 AD3d 675, 677 [2d Dept 2012], lv dismissed 20 NY3d 994 [2013]).
Inasmuch as plaintiffs have failed to brief any specific arguments that the court erred in granting the cross motions with respect to the second, fourth, and fifth causes of action, we conclude that plaintiffs have abandoned any contentions in appeal No. 1 concerning those causes of action (see Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]). We note that, because the complaint seeks a declaration, the court erred in dismissing the complaint in its entirety and in failing to declare the rights of the parties (see Maurizzio v Lumbermens Mut. Cas. Co., 73 NY2d 951, 954 [1989]). We therefore modify the order in appeal No. 1 accordingly.
Contrary to plaintiffs' contention in appeal No. 2, the court did not abuse its discretion in denying their motion for leave to renew their prior motion (see CPLR 2221 [e] [2], [3]; Chiappone v William Penn Life Ins. Co. of N.Y., 96 AD3d 1627, 1627-1628 [4th Dept 2012]). The new facts offered by plaintiffs, which concerned alleged encroachments by WGC onto nonleased City property, were irrelevant to the first cause of action and whether the 2000 and 2006 leases were void pursuant to the General Municipal Law. Thus, the new facts could not [*3]have "change[d] the prior determination" (CPLR 2221 [e] [3]).
Entered: July 24, 2020
Mark W. Bennett
Clerk of the Court