Matter of Lawrence Union Free Sch. Dist. v Town of Hempstead Indus. Dev. Agency (2021 NY Slip Op 04226)





Matter of Lawrence Union Free Sch. Dist. v Town of Hempstead Indus. Dev. Agency


2021 NY Slip Op 04226


Decided on July 7, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2018-02018
 (Index No. 1447/17)

[*1]In the Matter of Lawrence Union Free School District, appellant, 
v
Town of Hempstead Industrial Development Agency, et al., respondents.


Minerva & D'Agostino, P.C., Valley Stream, NY (Christopher G. Kirby of counsel), for appellant.
Ryan, Brennan & Donnelly, LLP, Floral Park, NY (John E. Ryan of counsel), and Nixon Peabody, LLP, Jericho, NY (Laurie Styka Bloom of counsel), for respondents Town of Hempstead Industrial Development Agency, Arthur Nastre, John Ferretti, Jr., Eric Malette, Steven Raiser, Florestano Girardi, and William Hendrick.
Certilman Balin Adler & Hyman, LLP, East Meadow, NY (Donna-Marie Korth and Christopher P. Dooley of counsel), for respondents Lawrence Johnson Road, LLC, Raymours Furniture Company, Inc., and Raymour & Flanigan Properties, LLC.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Town of Hempstead Industrial Development Agency dated January 31, 2017, which, after a hearing, approved the application of the respondents Lawrence Johnson Road, LLC, Raymours Furniture Company, Inc., and Raymour & Flanigan Properties, LLC, inter alia, for certain tax exemptions and tax abatement benefits, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Karen V. Murphy, J.), entered August 10, 2017. The judgment, insofar as appealed from, denied the first cause of action of the amended petition and dismissed that portion of the proceeding.
ORDERED that the judgment is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.
The respondents Lawrence Johnson Road, LLC, Raymours Furniture Company, Inc., and Raymour & Flanigan Properties, LLC, applied to the Town of Hempstead Industrial Development Agency (hereinafter the IDA) for financial assistance, including certain tax exemptions and tax abatement benefits, in connection with their purchase of a warehouse in the Village of Lawrence. The petitioner, Lawrence Union Free School District (hereinafter the district), appeared at a public hearing to oppose the application. On January 31, 2017, the IDA resolved to grant the application.
The district thereafter commenced the instant proceeding pursuant to CPLR article 78, inter alia, to review the IDA's determination to grant the application, asserting, in the first cause [*2]of action, that the determination was arbitrary and capricious or an abuse of discretion. By judgment entered August 10, 2017, the Supreme Court, among other things, denied the first cause of action on the merits and dismissed that portion of the proceeding. The district appeals.
Judicial review of the IDA's determination is limited to whether there is a rational basis for it or whether it is arbitrary and capricious (see CPLR 7803[3]; Matter of Peckham v Calogero, 12 NY3d 424, 431). "An action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts" (id. at 431). Here, the IDA's determination based, in part, on a valuation of the property by the Nassau County Assessor, as was consistent with the IDA's prior practice, had a sound basis in reason and was not irrational (see Matter of Nearpass v Seneca County Indus. Dev. Agency, 152 AD3d 1192, 1195; Matter of Newman v Zoning Bd. of Appeals of Town of Yorktown, 121 AD2d 543, 543).
Accordingly, we affirm the judgment insofar as appealed from.
CHAMBERS, J.P., MILLER, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court