Schachtler Stone Prods., LLC v Town of Marshall (2022 NY Slip Op 05652)

Schachtler Stone Prods., LLC v Town of Marshall

2022 NY Slip Op 05652

Decided on October 7, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 7, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, LINDLEY, AND NEMOYER, JJ.

750 CA 21-00651

[*1]SCHACHTLER STONE PRODUCTS, LLC, SCHACHTLER FAMILY TRUST, ERIC T. SCHACHTLER AND PJK PROPERTIES, LLC, PLAINTIFFS-PETITIONERS-RESPONDENTS,
v
TOWN OF MARSHALL, TOWN BOARD OF TOWN OF MARSHALL, ZONING BOARD OF APPEALS OF TOWN OF MARSHALL AND CODE ENFORCEMENT OFFICER DANIEL J. FORD, DEFENDANTS-RESPONDENTS-APPELLANTS. JOHN VON BERGEN AND HEIDI VON BERGEN, PROPOSED INTERVENORS-APPELLANTS. (APPEAL NO. 1.) 

ROSSI & ROSSI, NEW YORK MILLS (VINCENT J. ROSSI, JR., OF COUNSEL), FOR DEFENDANTS-RESPONDENTS-APPELLANTS. 
PETER J. DIGIORGIO, JR., UTICA, FOR PROPOSED INTERVENORS-APPELLANTS.
BROWN, DUKE & FOGEL, P.C., SYRACUSE (MICHAEL A. FOGEL OF COUNSEL), FOR PLAINTIFFS-PETITIONERS-RESPONDENTS. 

 Appeals from a judgment (denominated order) of the Supreme Court, Oneida County (Bernadette T. Clark, J.), entered March 18, 2021. The judgment, among other things, granted relief to plaintiffs-petitioners on their amended complaint-petition and denied a motion to intervene. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the first decretal paragraph and vacating the third decretal paragraph to the extent that it granted a declaration and as modified the judgment is affirmed without costs.
Memorandum: In appeal No. 1, defendants-respondents (respondents) appeal from a judgment that, inter alia, vacated and annulled three documents issued by defendant-respondent Daniel J. Ford, the Code Enforcement Officer (CEO) for defendant-respondent Town of Marshall (Town), vacated and annulled a resolution issued by defendant-respondent Zoning Board of Appeals of Town of Marshall (ZBA), restrained respondents from regulating the mining activity at issue here, denied a motion to intervene, and granted a declaration in favor of plaintiffs-petitioners (petitioners). In appeal No. 2, respondents and proposed intervenors appeal from an amended judgment that made no substantive changes to the judgment in appeal No. 1. Finally, in appeal No. 3, respondents appeal from an order that denied their motion for leave to reargue and renew their arguments in opposition to the amended complaint-petition pursuant to CPLR 2221. Contrary to the contentions of respondents and proposed intervenors, we conclude that they are not entitled to any relief on their appeals.
Petitioners are the owners or operators of a quarry located on property situated in an A-1 Agricultural zone in the Town. Pursuant to the Town's Zoning Ordinance, mining is permitted in such districts by special use permit (SUP). In 2012, petitioners applied to the ZBA for an SUP. In 2013, the ZBA purportedly issued an SUP to petitioners approving the application for mining at the property. Although the purported SUP contained numerous conditions, the ZBA adopted a resolution in 2019 recognizing that those conditions were "not enforceable" (see ECL [*2]23-2703 [2]).
Following the issuance of the purported SUP, petitioners applied to the Department of Environmental Conservation (DEC) for a mining permit, which was granted in October 2018. That initial permit, which ran from October 2018 through October 2023, did not permit blasting at the mine. Subsequently, petitioners applied for and received a modified DEC mining permit, which allowed blasting and drilling. Certain neighbors, including the CEO, complained to the DEC and sought to prevent the blasting and drilling. The CEO stated in a letter to the DEC that his property would "most likely lose &frac13; of its value."
In 2020, after the modified DEC permit had been issued, the CEO issued a notice of violation (NOV), alleging that petitioners were "in violation of the original Special Use Permit." No specific violation was identified. Thereafter, the CEO issued a "Stop Work Order" (SWO), directing that petitioners desist from any mining at the property. Petitioners appealed to the ZBA, which would have stayed all proceedings in furtherance of the NOV and SWO (see Town Law § 267-a [6]), except that the CEO "certifie[d]" that a stay would "cause imminent peril to life or property" (id.). Petitioners then appealed the issuance of that "Certification" to the ZBA. Following a hearing on the two appeals, the ZBA issued a resolution in 2020 determining that the purported SUP was "null and void" and affirming the "Stop Work Orders [sic]."
Petitioners thereafter commenced this action-proceeding, seeking, inter alia, a judgment declaring that respondents' attempt to regulate petitioners' mining operation was superseded and unenforceable pursuant to the Mined Land Reclamation Law (MLRL) (see ECL 23-2701 et seq.), vacating and annulling the three documents issued by the CEO as well as the 2020 ZBA resolution, and enjoining respondents from regulating or prohibiting mining on petitioners' property. Respondents counterclaimed. Certain neighbors, including proposed intervenors, sought to intervene.
Addressing first the procedural issues, we conclude that, inasmuch as the amended judgment in appeal No. 2 did not make any substantive changes to the judgment in appeal No. 1, the appeal from the amended judgment in appeal No. 2 should be dismissed (see Town of W. Seneca v Kideney Architects, P.C., 187 AD3d 1509, 1510 [4th Dept 2020]; see generally Matter of Kolasz v Levitt, 63 AD2d 777, 779 [3d Dept 1978]). Nevertheless, we exercise our discretion to treat the notice of appeal of proposed intervenors as valid and deem their appeal as taken from the judgment in appeal No. 1 (see CPLR 5520 [c]; see generally Miller v Richardson, 48 AD3d 1298, 1300 [4th Dept 2008], lv denied 11 NY3d 710 [2008]). With respect to appeal No. 3, respondents correctly recognize that the denial of a motion for leave to reargue is not appealable (see Britt v Buffalo Mun. Hous. Auth., 115 AD3d 1252, 1252 [4th Dept 2014]). As a result, we dismiss the appeal from that portion of the order in appeal No. 3 (see Matter of Rochester Genesee Regional Transp. Auth. v Stensrud, 162 AD3d 1495, 1495 [4th Dept 2018], lv dismissed 35 NY3d 950 [2020]; Empire Ins. Co. v Food City, 167 AD2d 983, 984 [4th Dept 1990]), and we reject respondents' contention in appeal No. 3 that we should nevertheless reach issues raised in the reargument motion.
We also note that a declaratory judgment action is not an appropriate procedural vehicle for challenging respondents' administrative determinations and as a result this purported hybrid declaratory judgment action and CPLR article 78 proceeding "is properly only a proceeding pursuant to CPLR article 78" (Matter of Barker Cent. School Dist. v Niagara County Indus. Dev. Agency, 62 AD3d 1239, 1240 [4th Dept 2009]). We conclude that Supreme Court erred in making a declaration (see Matter of Destiny USA Dev., LLC v New York State Dept. of Envtl. Conservation, 63 AD3d 1568, 1568 [4th Dept 2009], lv denied 14 NY3d 703 [2010]), and we therefore modify the judgment in appeal No. 1 accordingly.
With respect to respondents' substantive contentions in appeal No. 1, we conclude that the court properly determined that the ZBA's determination that no SUP was issued in 2013 is not supported by substantial evidence (see generally CPLR 7803 [4]; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 230-231 [1974]). It is clear from multiple documents in the record on appeal that an SUP was issued. Indeed, the Town's attorney acknowledged in a 2019 letter to the ZBA that a "special use permit" had been issued in 2013, albeit with "improper" conditions. Moreover, the ZBA properly concluded in its 2019 resolution that those conditions "included in [*3]the Special Use Permit" were "not enforceable," inasmuch as they related to "the specifics of the extractive mining or reclamation process" (Philipstown Indus. Park v Town Bd. of Town of Philipstown, 247 AD2d 525, 527-528 [2d Dept 1998]; see ECL 23-2703 [2]; see generally Matter of Frew Run Gravel Prods. v Town of Carroll, 71 NY2d 126, 133-134 [1987]). We conclude that, although the SUP contained certain invalid conditions, the ZBA's conclusion that there was never a valid SUP is not supported by substantial evidence. Based on our determination that the ZBA issued an SUP in 2013, we need not address petitioners' alternative grounds for affirmance in appeal No. 1. Contrary to respondents' alternative contention in appeal No. 1, the court properly determined that the SUP, which was directed "to run concurrently with" any DEC permit, did not expire before the expiration date of the DEC permit.
We likewise reject respondents' contention in appeal No. 1 that the injunction issued by the court is "wrong" or "overbroad." As the court properly determined, respondents' attempt to regulate petitioners' mining operation was prohibited by the MLRL (see ECL
23-2703 [2]; Frew Run Gravel Prods., 71 NY2d at 133-134). Based on our determination concerning the validity of the SUP, we further conclude that the court properly dismissed respondents' counterclaims.
Contrary to respondents' contention in appeal No. 3, we conclude that the court properly denied their motion insofar as it sought leave to renew their arguments in opposition to the amended complaint-petition. We conclude that respondents' newly discovered evidence on the motion insofar as it sought leave to renew was " 'cumulative with respect to the factual material submitted in connection with the original [papers]' " (Giangrosso v Kummer Dev. Corp., 16 AD3d 1094, 1094 [4th Dept 2005]), and would not have "change[d] the prior determination" (CPLR 2221 [e] [2]; see Violet Realty, Inc. v Gerster Sales & Serv., Inc. [appeal No. 2], 128 AD3d 1348, 1350 [4th Dept 2015]; see generally DiPizio Constr. Co., Inc. v Erie Canal Harbor Dev. Corp., 134 AD3d 1418, 1419 [4th Dept 2015]).
Finally, we have reviewed the contentions of proposed intervenors with respect to appeal No. 1 and conclude that none warrants modification or reversal of the judgment.
Entered: October 7, 2022
Ann Dillon Flynn
Clerk of the Court