Matter of Transform Saleco, LLC v Onondaga County Indus. Dev. Agency (2024 NY Slip Op 05674)

Matter of Transform Saleco, LLC v Onondaga County Indus. Dev. Agency

2024 NY Slip Op 05674

Decided on November 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, GREENWOOD, NOWAK, AND KEANE, JJ.

628 OP 24-00449

[*1]IN THE MATTER OF TRANSFORM SALECO, LLC, PETITIONER,
v
ONONDAGA COUNTY INDUSTRIAL DEVELOPMENT AGENCY, RESPONDENT. 

HACKER MURPHY LLP, SCHENECTADY (PATRICK L. SEELY, JR., OF COUNSEL), FOR PETITIONER.
BARCLAY DAMON LLP, ROCHESTER (MARK R. MCNAMARA OF COUNSEL), FOR RESPONDENT. 

 Proceeding pursuant to EDPL 207 (initiated in the Appellate Division of the Supreme Court in the Fourth Judicial Department) to review a certain condemnation by eminent domain. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this original proceeding pursuant to EDPL 207 seeking to annul the determination of respondent, Onondaga County Industrial Development Agency (OCIDA), authorizing the condemnation of two parcels of real property owned by petitioner that were part of the former Shoppingtown Mall. We confirm the determination and dismiss the petition.
Contrary to petitioner's contentions, OCIDA's determination and findings comport with EDPL article 2 and do not violate petitioner's federal and state constitutional rights. Preliminarily, we note that this Court's review power is limited by statute (see EDPL 207 [C] [1]-[4]; Matter of Niagara Falls Redevelopment, LLC v City of Niagara Falls, 218 AD3d 1306, 1307-1308 [4th Dept 2023], appeal dismissed 40 NY3d 1059 [2023], lv denied 42 NY3d 904 [2024]). Pursuant to EDPL 207 (C), this Court "shall either confirm or reject the condemnor's determination and findings." Our scope of review is limited to " 'whether (1) the proceeding was constitutionally sound; (2) the condemnor had the requisite authority; (3) its determination complied with[, inter alia,] EDPL article 2; and (4) the acquisition will serve a public use' " (Niagara Falls Redevelopment, LLC, 218 AD3d at 1307; see EDPL 207 [C]).
"[T]he party challenging the condemnation has the burden of establishing that the determination was without foundation and baseless . . . Thus, [i]f an adequate basis for a determination is shown and the objector cannot show that the determination was without foundation, the condemnor's determination should be confirmed" (Matter of HBC Victor LLC v Town of Victor, 225 AD3d 1254, 1255 [4th Dept 2024], lv denied 42 NY3d 901 [2024] [internal quotation marks omitted]; see Matter of GM Components Holdings, LLC v Town of Lockport Indus. Dev. Agency, 112 AD3d 1351, 1352 [4th Dept 2013], appeal dismissed 22 NY3d 1165 [2014], lv denied 23 NY3d 905 [2014]).
Petitioner contends that the determination should be annulled because OCIDA is not authorized by General Municipal Law §§ 858 and 862 to pursue a project that is predominantly residential and retail in nature. We reject that contention. Under EDPL 207 (C) (2), this Court's analysis is limited to, inter alia, whether the "proposed acquisition" is within the condemnor's statutory jurisdiction and, here, the intended use of the two parcels that OCIDA proposes to acquire from petitioner is not residential or retail in nature. Although a developer intends to [*2]develop a portion of the larger project into residential housing and retail establishments, the property upon which it proposes to construct the residential housing and retail establishments is currently owned by Onondaga County and thus is not part of the "proposed acquisition" authorized by the determination at issue in this proceeding (EDPL 207 [C] [2]). To the extent that petitioner attempts to challenge the authority of OCIDA to finance a project that contains a residential component, that contention is properly raised in a CPLR article 78 proceeding (see e.g. Matter of Nearpass v Seneca County Indus. Dev. Agency, 152 AD3d 1192, 1193 [4th Dept 2017]).
Contrary to petitioner's contention, the redevelopment of the blighted former mall constitutes a legitimate public use. What constitutes a public purpose or use " 'is broadly defined as encompassing virtually any project that may confer upon the public a benefit, utility, or advantage' " (Matter of Syracuse Univ. v Project Orange Assoc. Servs. Corp., 71 AD3d 1432, 1433 [4th Dept 2010], appeal dismissed & lv denied 14 NY3d 924 [2010]; see generally Kelo v City of New London, 545 US 469, 480 [2005]). Here, OCIDA's condemnation of the property serves the public uses of, among other things, remediating blight (see Matter of Goldstein v New York State Urban Dev. Corp., 13 NY3d 511, 524 [2009], rearg denied 14 NY3d 756 [2010]), returning land to productive use (see generally Matter of Jackson v New York State Urban Dev. Corp., 67 NY2d 400, 411 [1986]), making use of underutilized property (see Sunrise Props. v Jamestown Urban Renewal Agency, 206 AD2d 913, 913 [4th Dept 1994], lv denied 84 NY2d 809 [1994]), and fostering economic growth (see Matter of Penney Prop. Sub Holdings LLC v Town of Amherst, 220 AD3d 1169, 1171 [4th Dept 2023]).
Petitioner further contends that respondent failed to satisfy the requirements of the State Environmental Quality Review Act (see EDPL 207 [C] [3]). We reject that contention. Here, the record establishes that OCIDA "took the requisite hard look and provided a reasoned elaboration of the basis for [its] determination regarding the potential impacts of the [p]roject on traffic" (Matter of Coalition for Cobbs Hill v City of Rochester, 194 AD3d 1428, 1432 [4th Dept 2021]).
We have reviewed petitioner's remaining contentions and conclude that none warrants annulment of the determination.
Entered: November 15, 2024
Ann Dillon Flynn
Clerk of the Court